# Commonwealth *v.* Lewis, Appellant.

*Criminal law—Murder—Insanity—Charge.*

On the trial of an indictment for murder the trial judge correctly charges on the subject of insanity as follows: "If the prisoner although he labors under partial insanity, hallucination or delusion, did understand the nature and character of his act, had a knowledge that it was wrong and criminal, and mental power sufficient to apply that knowledge to his own case, and he knew if he did the act he would do wrong and would receive punishment; and if, further, he had sufficient power of memory to recall the relation in which he stood to others, and others stood to him, and that the act in question was contrary to the plain dictates of justice and right, injurious to others and in violation of the dictates of duty, he would be responsible; or, putting it in briefer shape, the law is that whether the insanity be general or partial the degree of it must be so great as to have controlled the will of its subject and to have taken from him the freedom of moral action."

*Practice—Trial—Charge—Points.*

A trial judge is not bound to adopt the language of points, but may

choose his own form of expression, and if it expresses the law fully and with substantial accuracy nothing further is necessary.

Argued Oct. 5. 1908. Appeal, No. 195, Jan. T., 1908, by defendant, from judgment of O. & T. Chester Co., Oct. T., 1907, on verdict of guilty of murder of the first degree in case of Commonwealth v. Irwin A. Lewis. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Indictment for murder. Before HEMPHILL, P. J.
The opinion of the Supreme Court states the case.

*Error assigned* was portion of charge quoted in the opinion of the Supreme Court, and answers to various points.

*Wm. S. Windle* and *Thomas W. Pierce*, for appellant.

*Robert S. Gawthrop*, for appellee.

PER CURIAM, October 12, 1908:

The defense being insanity the learned judge below charged the jury that, "If the prisoner although he labors under partial insanity, hallucination, or delusion, did understand the nature and character of his act, had a knowledge that it was wrong and criminal, and mental power sufficient to apply that knowledge to his own case, and he knew if he did the act he would do wrong and would receive punishment; and if, further, he had sufficient power of memory to recall the relation in which he stood to others, and others stood to him, and that the act in question was contrary to the plain dictates of justice and right, injurious to others and in violation of the dictates of duty, he would be responsible; or, putting it in briefer shape, the law is that whether the insanity be general or partial the degree of it must be so great as to have controlled the will of its subject and to have taken from him the freedom of moral action.

"These are the guides as to the insanity that will excuse the commission of the crime, if you find that such a crime has been committed."

This is the language of LUDLOW, P. J., in Sayres v. Commonwealth, affirmed in 88 Pa. 291, 299, and repeatedly cited by this court as a correct and adequate definition of the law of insanity in trials for murder: Com. v. Wireback, 190 Pa. 138; Com. v. Barner, 199 Pa. 335.

Counsel for the prisoner presented five points for charge on the subject of insanity dealing with more detailed reference to the prisoner's actions and the rule of responsibility in regard to them. All of them were declined by the judge on the ground that they were sufficiently covered by the general charge above quoted. Notwithstanding the earnest argument of counsel, and our careful examination of these points, we have not found in any or all of them any substantial element or principle of law not exactly covered and answered in the passage quoted. They are only variations and expansions of phraseology.

It has been repeatedly held that the judge is not bound to adopt the language of points, but may choose his own form of expression, and if it expresses the law fully and with substantial accuracy nothing further is necessary.

The judge's charge is not made to a technical and critical audience scanning closely every phrase capable of a construction which would be error, but is addressed to a jury of plain men of various ages, education, intelligence and experience and is intended to inform them as to the law, and to guide them in its application to the facts as they may find them from the evidence. Having given them one plain, full and adequate statement of the law, it need not do more.

Judgment affirmed and record remitted for purpose of execution.