Commonwealth of Pennsylvania *v.* Ariff, Appellant.

284

Argued October 4, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAW-
THROP, CUNNINGHAM and BALDRIGE, JJ.

*William T. Connor*, and with him *John R. K. Scott*,
for appellant.

*James W. Tracey*, Assistant District Attorney, and
with him *John Monaghan*, District Attorney, for ap-
pellee.

OPINION BY GAWTHROP, J., November 18, 1929:
Defendant was indicted for arson, and for setting
fire to a building with intent to defraud an insurance
company. By direction of the trial judge he was ac-
quitted on the arson bill. This appeal is from a sen-
tence following a conviction on the other bill.

The sole question presented for review is whether
the instructions of the trial judge on reasonable doubt
were harmfully erroneous.

On this subject the trial judge said to the jury near the beginning of the charge: "Every defendant is entitled to the benefit of a reasonable doubt. A reasonable doubt is a doubt founded in common sense and reason. It is a doubt which arises from the testimony, or better, from the evidence, which is the testimony submitted under the rules established by law. A reasonable doubt is not a fanciful doubt, because nothing in life is capable of proof beyond a possible doubt. It is the character of doubt which causes you to hesitate before reaching a conclusion under all of the evidence, very similar to the doubt that possesses your minds when you are about to undertake a matter of importance to yourselves, in your daily lives, and have considered the business that you are about to undertake, with the greatest care, and after having done so, find yourselves in a state of mind in which you are still undecided as to what you can do.

If, after having considered all of the testimony in this case, you find you are in that state of mind with regard to the guilt or innocence of the defendant, and I assume, of course, that you will have considered all of the testimony in this case in the light of your oath as jurors, and in a conscientious, faithful discharge of your duties, if you find you are in that state of mind your verdict should be for the defendant."

At the conclusion of the charge, counsel for appellant asked for exceptions to this portion of the charge. The trial judge then said to the jury: "Now, with regard to reasonable doubt, a reasonable doubt must be a doubt arising from the evidence—substantial, well-founded on reason and common sense. It is not merely any passing fancy that may come into the mind of a juror. A reasonable doubt such as would be taken notice of by a juror in deciding a case or a question in a case is of the same nature as a doubt that would cause a reasonable man, in the conduct of his usual and ordinary affairs, to stop, hesitate and seriously

consider as to whether he should do a certain thing before finally acting. It is something differing and much more serious than a possible doubt; for a possible doubt exists in all things, and it is almost impossible to possess any human knowledge or to come to any conclusion to a certainty, beyond a possible doubt. If the jury cannot find matter in or from the evidence on which to base the doubt, then it is not a doubt arising from the evidence—not a reasonable doubt, but simply a possible doubt, and not such a doubt as would justify a conscientious jury in hesitating in the rendition of a verdict where the mind is fairly satisfied except for the existence of this doubt. Any conclusion which the jury might reach which satisfies the reason and judgment to a moral certainty is a sufficient conclusion upon which to found a verdict.''

This is another case to which the following words of the present chief justice in the recent case of Com. v. Green, 292 Pa. 579, 588, seem appropriate: ''Overelaboration of the definition of reasonable doubt often leads to refinements which tend to confuse rather than help the jury to a correct understanding of the doctrine.'' In our view counsel for appellant had no cause to complain of the first quoted instruction on this subject. Indeed they do not now criticize it. But when the trial judge undertook to elaborate on the subject he got dangerously close to the border line between correct instruction and harmfully erroneous instruction. But, after the fullest consideration, we are not satisfied that he crossed it. The contention made on behalf of appellant is that in explaining the meaning of a doubt arising from the evidence it was error to charge: ''If the jury cannot find matter in or from the evidence on which to base the doubt, then it is not a doubt arising from the evidence—not a reasonable doubt.'' It is urged that by this instruction the trial judge fell into the same error into which the court below fell in Com. v. Green, supra, that is,

that he did what the present chief justice described in the Green case as requiring "the juror, after considering all of the evidence, to put his mind's eye on some particular item of proof or some particular defect in the evidence, as being that which creates a doubt in his mind concerning the existence of a fact essential to the Commonwealth's case, before he can give effect to such a doubt to the defendant." With this we cannot agree. The words "find matter in or from the evidence on which to base the doubt," when considered independently, may be susceptible of meaning that the juror must be able to point to some particular item of proof or to some particular defect before it can be said to arise from the evidence, but in our opinion when they are considered with the context no such idea would be conveyed to the jury. It is not reasonable to suppose that a jury of laymen would regard these words as meaning anything but that the doubt must arise from, or be grounded upon, the evidence. We regard Com. v. Green, supra, as clearly distinguishable from the present case in that in it the effect of the correct statement, that the doubt might arise out of the entire body of the evidence, was destroyed by repeated instruction that the doubt could arise "only" from "weaknesses," "lapses" and "unexplained portions" of the evidence, etc. Our conclusion is that the single sentence in the charge to which complaint is limited when considered in connection with the rest of the instruction on the subject, was not misleading to the jury and prejudicial to the appellant.

The assignment of error is overruled, the judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of it, which had not been performed at the time the appeal in this case was made a supersedeas.