Commonwealth *v.* Harry Weiner, Appellant.

Argued September 30, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Whitmore, JJ.

*Cyrus M. Palmer,* and with him *Joseph G. Seesholtz,* for appellant.

*Jas. J. Gallagher,* Dep. District Attorney, and with him *C. A. Snyder,* District Attorney, *M. M. Burke* and *Otto E. Farquhar,* for appellee.

Opinion by Whitmore, J., December 27, 1930:

The defendant appellant was convicted in the court below on an indictment charging him with having received stolen goods, to-wit, a lot of copper wire, knowing the same to have been feloniously stolen, taken and carried away; he was sentenced and the court

below made an order that this appeal should operate as a supersedeas.

The appellant assigns as error (1) the court's refusal to quash the indictment, (2) that the court erred in refusing to withdraw a juror due to a remark of the district attorney in his opening address to the jury, (3) that the court erred in its charge to the jury relative to the doctrine of reasonable doubt, and (4) that the trial judge erred in pronouncing sentence upon the defendant.

As to the first assignment of error, it appears from the record that the information against the defendant was made on February 6, 1928 and on April 1, 1928 he entered bail for his appearance at the next term of court. The indictment, however, was not presented to the grand jury at the next term of court on the first Monday of May, 1928, as the alderman's return was not filed until April 25, 1929, more than a year after the bail was entered. The indictment was presented to the grand jury and a true bill found on May 9, 1929. Before a plea was entered or the jury sworn the defendant moved to quash the indictment on the sole ground that no notice was given to the defendant that the indictment was to be presented to the grand jury at May Sessions 1929. As the record did not disclose service of notice on the defendant, the Commonwealth, before any other witnesses were sworn and immediately after the motion to quash was made, called one Robert L. Evans, a constable, who testified that at least several days before the beginning of the May Sessions of 1929 he mailed a letter to the defendant, notifying him that this case, which he identified by number and term in the letter, was scheduled to be tried on a certain date during the May term of 1929 and that the defendant was to be present at the Schuylkill County court house. This evidence was not contradicted by the defendant and all the record discloses

is the notice to the defendant as testified·to by the constable. Although the defendant contends that this notice was not sufficient, he must have received the notice in due time as he was present with counsel when the case was called. He was not prejudiced because he had an opportunity to challenge the array of grand jurors at any time before entering his plea. See Commonwealth v. Magid and Dickstein, 91 Pa. Superior Ct. 513.

As to the second assignment of error, it appears that the district attorney in his opening address to the jury stated in substance that the Commonwealth proposed to show that on more than one occasion there was a delivery (of stolen property) and that the stolen property was received on more than one occasion. ·The exact language used by the district attorney does not appear on the record. The defendant's counsel moved to withdraw a juror, which was refused. The remarks in substance as stated were not sufficient to prejudice the jury against the defendant and no further reference thereto was made in the trial of the case.

The third assignment of error covering the doctrine of reasonable doubt is the serious part of this case. The court below in its charge to the jury on the question of reasonable doubt stated: ''A reasonable doubt is a doubt for which you can give a reason.'' This definition was clearly error,—see Commonwealth v. Baker, 93 Pa. Superior Ct. 360, and Commonwealth v. Ariff, 97 Pa. Superior Ct. 283.

The court below followed the above definition with this explanation: ''It is not a doubt which is conjured up in the minds of the jurors for the purpose of escaping the performance of a disagreeable duty. It is such a doubt that arises in a case in the mind of a juror when, after consideration of all the evidence fairly and conscientiously the juror is left in the state or frame of mind which causes him or her to pause

and hesitate to reach a conclusion of guilt, such pause or hesitation being so great as would, in matters affecting his or her own highest interest, cause the juror to pause or hesitate. If, after fairly and conscientiously considering all the evidence in this case your mind is left in the state of pause or hestitation that you are not impelled to a conclusion of guilt, or if you are in a state of pause or hesitation as to any essential requirements necessary to make out this offense, it is your duty to give the benefit of that doubt to the defendant, and the only way in which you can do that is by acquitting him. On the other hand, if, after fairly and conscientiously considering all the evidence in the case, you are satisfied beyond a reasonable doubt of the defendant's guilt, then it is equally your duty to say so by your verdict, and to convict." There is nothing in the subsequent statements by the court below that would separate the word "doubt" as defined by it from one for which a "reason can be given" and in our opinion the above explanation was not sufficient to remove from the minds of the jury the definition of a reasonable doubt as "one for which a reason can be given." This is sufficient ground for reversal.

It is unnecessary to deal with the fourth assignment of error with respect to the sentence.

The first, second and fourth assignments of error are overruled, the third assignment is sustained, the judgment is reversed and a new trial awarded.