## Commonwealth v. Honus

*L. E. Enterline*, district attorney, and *Jno. B. McGurl*, deputy district attorney, for Commonwealth.

*D. J. Boyle, J. J. Gallagher, R. M. Bashore* and *M. M. Burke*, for defendant.

HICKS, P. J., April 16, 1934.—This is a motion to quash the bill of indictment. Counsel for the defendant stated the basis thereof as follows: The "bill of

indictment was submitted and found at a session of the grand jury at a term which was later than the term for which the case was returned," and "the defendant had no notice of the submission of this bill to the grand jury." When the testimony clearly showed that notice had been served, counsel for the defendant insisted that reasonable notice of the submission of the bill had not been given, citing Commonwealth v. Harris et al., 13 D. & C. 252.

In the first place, it will be noted that the bill of indictment was submitted to the grand jury at the term to which the case was returned and not at a later term, as the defendant contends. The information was laid on October 17, 1933. The next day, the defendant waived a hearing and entered into a recognizance, obligating him to appear "at the November term 1933, at the Court of Quarter Sessions of Schuylkill County, to answer said charge" of giving illegal assistance to voters. The November term of the court of quarter sessions, according to Rule 290 of our rules of court, began on the second Monday of November and ended with the beginning of the next term, the first Monday of January 1934. Any business transacted at a session of court after the second Monday of November and before the first Monday of the following January was in the November term: Fisher v. Fisher, 74 Pa. Superior Ct. 538, 543, 544. The bill was submitted and found by the grand jury to no. 1419a, November term 1933, on December 12, 1933, which was in the November term to which his recognizance bound the defendant to appear. And the defendant does not contend that in such case notice of the submission of the bill must be given. The next term of court after the date of the recognizance did not begin on October 23, 1933, as the defendant argues, but on the second Monday of November 1933.

In his brief of argument, the defendant states the one question involved, as follows: "(1) If a bill is not found at the next term to which it is returnable, must notice of its submission to a subsequent grand jury be given." We have already shown that the bill was found during the term at which his recognizance bound him to appear, which was the next term after his arrest and the term to which the proceedings were returnable. The stated question is not, therefore, involved. Hence we could end the discussion at this point and overrule the motion. Since the bill of indictment was found by the second grand jury after his arrest but the next grand jury after the proceedings were returned and during the term to which he was bound over, we will consider whether he was entitled to reasonable notice of the intended submission to that grand jury.

According to the minutes of this court, to which counsel for the Commonwealth and the defendant agreed we might refer, this court issued its venire on September 18, 1933, for 24 grand jurors to pass upon bills of indictment for the November term, beginning on the second Monday of November 1933, the grand jury to convene on October 30, 1933. The primary election of September 19, 1933, having been held and it being charged that wholesale election frauds had taken place in the Borough of Shenandoah, upon representation by the district attorney of the information lodged with him concerning them, we advanced the meeting of the grand jury from October 30, 1933, to October 9, 1933, on September 26, 1933. This was for the purpose of affording the district attorney an opportunity to present to such grand jury any evidence of election frauds he might deem fit and to have the alleged charges investigated. The grand jury convened on October 9, 1933, and our brother, Palmer, J., charged them, submitting the election charges to them for investigation. Two days later, at the instigation of the district attorney, the grand jury was called before Judge Palmer and, upon motion of the former, on the ground that he had lost confidence in the grand jury after 2 days' submission of election law violations because of their unwarranted action upon the evidence, Judge Palmer with-

drew from their further consideration all election matters and adjourned them to October 23, 1933, at which time the regular and routine bills would be submitted to them for disposition during the November term 1933, if true bills were found.

On October 18, 1933, 1 week after the grand jury was discharged from further investigation and consideration of the alleged election frauds, the chief county detective laid an information against the defendant charging him, inter alia, with having illegally assisted voters at the primary election of September 19, 1933, in the Borough of Shenandoah. On the same day, he waived a hearing and entered bail for his appearance at the November term 1933 in the court of quarter sessions to answer said charge. The justice's return and recognizance were filed in this court on November 2, 1933, prior to the beginning of the November term on the second Monday thereof and after the grand jury reconvened on October 23, 1933, and was discharged finally from further service on October 27, 1933. The next grand jury convened on December 11, 1933, to consider bills of indictment for disposition at the January term 1934, beginning on the first Monday of January. After repeated efforts to notify the defendant of the intended presentation of a bill against him because of his absence from his home, a county detective so notified him Sunday night, December 10, 1933. A true bill was found on December 12, 1933.

It must be repeated that the bill of indictment against him was submitted during the term to which, by his recognizance, he was bound to appear. It is of no consequence that that grand jury would be passing on bills for trial at the January sessions. Some complaint, perhaps, might be made if the bill had been submitted to the grand jury deliberating in the September term 1933, as was the one on October 23, 1933, since he was bound over to the November term.

The whole contention of the defendant is based upon an opinion of this court by our late brother Koch, P. J., in the case of Commonwealth v. Harris et al., 13 D. & C. 252. In that case, the defendants were charged on April 27, 1929, and the recognizance bound them to appear at the May session of 1929. The bill of indictment was presented to the grand jury at the March term 1929, which convened on March 4, 1929. Two days earlier, notice of the intended presentation was given the defendants. The court said: "If a bill of indictment be not found at the term to which a criminal case is returnable, the defendant is entitled to prior reasonable notice of the time when the bill of indictment will be submitted at a subsequent term of court.

"That a defendant is entitled to reasonable notice prior to the submission of a bill against him at a term subsequent to the one to which the case has been returned is settled by numerous authorities, of which we will cite a few to wit: Com. v. Hacker, 40 Pa. C. C. Reps. 98; Com. v. Rice, 15 Dist. R. 604; Com. v. Brown, 12 Dist. R. 316; Com. v. Haefner, 21 Dist. R. 866; Com. v. Holt, 21 Dist. R. 714; Com. v. Wilhelm, 23 Lanc. Law Rev. 402."

These cases are not applicable as the bill in this case was found "at the term to which [it was] returnable", and not "at a subsequent term of court".

It is true that the grand jury which convened during the November term considered bills for disposition at the January term 1934, but it was in session, and was the only grand jury to be in session, during the November term, at which time he was bound to appear by his recognizance. How could he have been prejudiced and why should he have been notified to appear because a bill would be presented against him when he had already bound himself to appear then?

Even were we to consider, which we do not, that the grand jury which convened on December 11, 1933, in the November term, for the consideration of

bills for trial in the January term, was a jury summoned for the January term and so a later term than that named in the defendant's recognizance, we do not agree that the indictment must be quashed because he received no notice, or only one day's notice, or did not consent to its presentation. We know of no statute requiring notice under such circumstances and no decision of the appellate courts. We are mindful of lower court cases, including our own, Commonwealth v. Harris et al., supra, which hold as appears in the quotation hereinbefore set forth. The basis of these decisions is:

"Any one under prosecution for crime has, by the laws of Pennsylvania, the right to challenge for cause shown any of the persons returned on the grand jury, or to challenge the array. This was his right at common law: 2 Hawkins, Pl. C., ch. 25, § 16. Its recognition in this state is first reported in Com. v. Clark, 2 Browne 323, a case which came before the Court of Oyer and Terminer of Philadelphia County, coram, Tilghman, C. J., and Breckinridge, J., at the January Sessions, 1814. It is referred to by Pearson, J., in his opinion in Com. v. Salter, 2 Pears. 461 (1879) ; and by Rice, P. J., in his opinion in Com. v. Craig, 19 Pa. Superior Ct. 81 (1902), was assumed to be settled beyond all doubt. While it is true that certain grounds of challenge may be taken advantage of, after indictment found, by motion to quash, it has been said that it is not the law that what might have been ground of challenge as to a particular grand juror is, under all circumstances, ground for quashing the indictment: Com. v. Craig, supra. The proper time to raise objection to a grand juror is before the grand jury is sworn. Such was the practice followed in Com. v. Clark, supra; and its observance tends to the prompt dispatch of business and the saving of inconvenience": Commonwealth v. Brown, 12 D. R. 316.

But we do not agree with Judge Audenried that grounds for challenge to the array or to an individual juror may effectively be raised only before the grand jurors are sworn. If this were true, then no bill could be found at a term of court then pending, to which the committing magistrate had bound over a defendant and made return of the proceedings, because the grand jury would have been sworn before he was arrested, as was the case in Commonwealth v. Magid & Dickstein, 91 Pa. Superior Ct. 513.

In that case, the defendants were arrested on February 11, 1927, and 8 days later the one defendant was released on bail, conditioned for his appearance at the then pending court of quarter sessions, February term 1927, and the other defendant was committed for want of bail. Ten days after their arrest, February 21, 1927, an indictment was found against both of them. A motion to quash was made on the ground that the proceedings were returned to the term of court then in session instead of the following term. The motion was overruled and the defendants convicted. In sustaining the action of the lower court, Keller, J., said (pp. 516, 517) : "The appellants' contention that the action complained of deprived them of their right to challenge the array of the grand jury is without merit. They do not aver that any ground existed for such challenge, but only if such ground had existed, they could not have availed themselves of it. This is no reason at all for setting aside a conviction. But it is untenable for the reason that if grounds for such challenge had existed, they would have been considered on motion to quash if made at the first opportunity after indictment: [citing cases]."

In the instant case, no grounds for challenging the array of the grand jury or of challenge for cause of any juror were suggested or disclosed to the court by the defendant. If there had been, the court would have considered them upon the motion. Counsel urged only the lack of notice of the submission of the bill,

and persisted in this the written brief of counsel. They say: "We were not called upon by the court when we pressed the motion to quash to disclose the existence of any reason to challenge. . . ." But it was not within the court's duty or province to suggest to counsel supporting reasons for their motion. If it appeared that he had any grounds for challenge to the array, or to individual jurors, it might be necessary to consider whether, if he was prevented from interposing them at the proper time, he would not have the right to assign them as a reason for quashing the indictment, as is ruled in the case of Commonwealth v. Smith, 4 Pa. Superior Ct. 1, 13. And in the Magid & Dickstein case, supra, we have seen that such grounds may be considered on a motion to quash. In the case of Commonwealth v. Weiner, 101 Pa. Superior Ct. 295, 298, it was held: ". . . he had an opportunity to challenge the array of grand jurors at any time before entering his plea."

Of what right was he deprived? He does not allege that he had grounds for challenge but simply states that he had no opportunity to challenge if he had had a reason for such. He has lost nothing when he can raise the same objecttions to the array or an individual juror upon motion to quash as upon challenge before jury sworn. No prejudice or hurt was worked the defendant.

The time is here, and has long passed in this State, to end the embarrassment of criminal prosecution by technical objections and to reduce the administration of the criminal law, as far as constitutional limitations allow, to a trial on the merits as speedily as possible.

And now, April 16, 1934, the motion to quash the indictment is overruled.