## Huth et al. *v.* Allegheny County, Appellant.

Argued March 20, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Nathaniel K. Beck,* Assistant County Solicitor, with him *Walter P. Smart,* County Solicitor, for appellant.

*James P. McArdle,* for appellees.

OPINION BY MR. JUSTICE BARNES, May 6, 1940:

This is an eminent domain proceeding arising out of the construction of the Natrona Heights Road, a highway connecting Natrona with Natrona Heights in Harrison Township, Allegheny County. The new highway passes through land belonging to the plaintiffs and has a legal width of 33 feet with a paved surface 20 feet wide. In its construction it was necessary to make a cut through a steep hillside on part of plaintiffs' property, and the slopes which resulted along the northerly side of the highway were protected from erosion by stone riprap paving varying from 6 to 17 feet in width. There was an appropriation of 9,045 square feet of plaintiffs' land for the road, and 3,134 square feet in addition were used for the paving of the slopes and for a stone gutter connecting a culvert on the property with the new highway. The construction of the highway also deprived the property of its frontage along the right-of-way of the Pennsylvania Railroad.

The Board of Viewers made an award to plaintiffs of $514.32. On appeal a jury in the court below rendered a verdict of $4,470 in plaintiffs' favor. Defendant appeals from the denial by the court in banc of its motion for new trial, assigning as error the refusal by the trial judge of one of its points for charge.

The defendant requested the trial judge to instruct the jury regarding the measure of damages as follows: "The area of Plaintiffs' property used and occupied for slopes and indicated on the plan as stone riprap and stone gutters, comprising 3,134 square feet, is not taken for right-of-way of the road, but is an easement appropriated for the protection and support of the road. Such area remains the property of the Plaintiffs and may be used by them for building or other purposes providing there is no interference with the protection and support of the road." The judge rejected this point, but in the course of his charge he stated, with reference to the portion of the land used for riprap paving, "The owner does not have the right to use it, at least, in any way that would be inconsistent with the right of the county to use it for a road or for riprap and paving on the side of the road."

The charge requested by the county was undoubtedly a correct statement of the law in view of the language of Section 1 of the Act of June 22, 1931, P. L. 676, which provides that ". . . no appropriation of property as width required only for slopes shall be construed to prevent the owner from making any use of his property which is not inconsistent with the necessary support or protection of the highway. All viewers shall hereafter be required to take into consideration the qualified nature of the easement in proceedings to assess damages for the taking of land for highway purposes."

We find no reversible error, however, in the refusal of the point submitted, since it is evident that the substance of the request was adequately covered in the general charge. See *Price v. New Castle Refractories Co.*, 332 Pa. 507; *Tamres v. Reed*, 109 Pa. Superior Ct. 28. We cannot agree with the County that the jury was led to believe that the plaintiffs would thereafter be deprived entirely of the use of the area paved with riprap. The trial judge simply chose to express the same thought contained in the county's request for charge in

slightly different words. We have frequently said that the trial judge is not bound to adopt the language of the points submitted by counsel, but that he may select his own form of expression and if it states the law with substantial accuracy, nothing further is necessary: *Com. v. Lewis*, 222 Pa. 302; *Hufnagle v. Dela. & Hudson Co.*, 227 Pa. 476; *Struppler v. Rexford*, 326 Pa. 545.

Judgment affirmed.