418 A.2d 577

COMMONWEALTH of Pennsylvania

v.

Leroy WIGGINS, Appellant.

Superior Court of Pennsylvania.

Argued Nov. 15, 1979.

Filed Feb. 6, 1980.

618

Robert G. Kochems, Assistant Public Defender, Mercer, for appellant.

Charles S. Hersh, Assistant District Attorney, Mercer, for Commonwealth, appellee.

Before PRICE, HESTER and CAVANAUGH, JJ.

CAVANAUGH, Judge:

Appellant has been convicted of robbery and conspiracy and has received a three to ten year sentence. We are asked to decide: (1) whether the Court erred in not granting appellant's motion for binding instructions; and whether it was error not to find the verdict against the weight of the evidence; (2) whether the court should have granted the language of certain of appellant's points for charge on the defense of duress; and (3) whether the sentence is excessive in length.

Leroy Wiggins was tried before a jury in Mercer County. After the guilty verdict on October 10, 1978, the court denied appellant's motions for a new trial and in arrest of judgment. On March 6, 1979, defendant was given concurrent three to ten year sentences on the two offenses.

Richard Kurtz, age 16, was in charge of the Falcon gas station in Hermitage, Mercer County, at about noon on July 15, 1978. Appellant drove onto the premises with a companion. He got out of the car and engaged Kurtz in conversation, left the scene and returned again, at which time he said to the victim "You see my buddy out there he's got a shotgun pointed at you". The victim looked, saw the confederate in the car, and found this to be so. Appellant demanded money and when Kurtz was slow in complying, Wiggins picked up a knife and put it towards the victim's side. Kurtz gave him $386 cash which was on his person and the assailants drove away. Kurtz and his father had seen the same two persons when they came to the gas station several days earlier. At that time they did not make a purchase and their conduct aroused the suspicion of the senior Kurtz to such an extent that he recorded their Ohio

temporary license tag number (appellant was a resident of Youngstown, Ohio). On the evening before the robbery, when another attendant was on duty, the two had come to the station again. As before, they made no purchase. Appellant and his companion were picked up by police on a nearby highway after a report of the robbery and a description of the vehicle had been made. Police found a loaded shotgun and $380 in cash in the vehicle.

At trial the court admitted into evidence a handwritten statement which appellant's companion furnished to him which said "Mr. Wiggins did not do the robbery. I Joe Mays assault Wiggins to do as he was toll".[1] During the course of his testimony appellant stated that Mays pulled the shotgun out and pointed it. He also testified that Mays threatened him with the shotgun which terrified him but did not further elaborate on the details of the alleged duress.

# I

■ Appellant first contends that there is insufficient evidence to support the verdict or, in the alternative, that the verdict is against the weight of the evidence. We have reviewed the evidence in light of the applicable standards. See Com. v. Boone, 467 Pa. 168, 354 A.2d 898 (1975); Com. v. Ponder, 260 Pa.Super. 225, 393 A.2d 1235 (1978); Com. v. Portalatin, 223 Pa.Super. 33, 297 A.2d 144 (1972); Com. v. Hayes, 205 Pa.Super. 338, 209 A.2d 38 (1965); Com. v. Harbaugh, 197 Pa.Super. 587, 179 A.2d 656 (1962); Com. v. Coyle, 190 Pa.Super. 509, 154 A.2d 412 (1959). As noted above, the evidence adduced at trial described a robbery of cash from the person of the victim at knifepoint while appellant's confederate trained a shotgun on the victim, followed by the arrest of appellant and his co–actor shortly thereafter in a vehicle which also contained a loaded shotgun and $380 in cash. The defense was that appellant acted under duress. The court submitted the duress issue to the jury. The jury was free to disbelieve the defense which it

1. The court admitted this evidence over objection as a declaration against penal interest.

obviously did. There is no basis for us to arrest judgment or to grant a new trial on the ground that the verdict was against the weight of the evidence.

## II

■■■ Appellant argues that the court erred in failing to grant two points for charge which were submitted on the defense of duress. It should first be noted that the court did charge on duress and defined the defense as set forth in the statute.[2] Further, in reviewing a charge, the court must look at the charge in its entirety against the background of evidence to determine whether or not error was committed and whether error was prejudicial. *McCay v. Philadelphia Electric Co.*, 447 Pa. 490, 291 A.2d 759 (1972); *Leopold v. Davies*, 246 Pa.Super. 176, 369 A.2d 868 (1977). Finally, a trial judge is not bound to adopt the language of the points submitted by counsel but may select his own form of expression if it states the law with substantial accuracy. *Huth v. Allegheny County*, 339 Pa. 228, 13 A.2d 18 (1940); *Pavia v. State Mutual Life*, 179 Pa.Super. 272, 116 A.2d 762 (1955).

Defendant's point for charge number 2 which was refused is:

"Duress is a defense to a criminal charge. A defendant acts under duress when he is coerced into doing an act which would otherwise be criminal by the threat to use unlawful force against the defendant which a person of reasonable firmness, in his situation, would have been unable to resist. Reasonable firmness does not require that the threat must be so immediate and of such nature as to induce a well grounded apprehension of death or serious bodily harm if the act is not done." (N.T., p. 141, October 10–11, 1978).

■■■ The first two sentences are a close paraphrase of the duress statute. As previously stated the court correctly charged the jury on the elements of the defense of duress. The court, however, did not read the second sentence which

2. 18 Pa.C.S.A. § 309(a).

is not part of the definition of the defense of duress. Appellant argues that this language is taken from the comments to the subcommittee draft of the Pennsylvania Standard Jury Instructions. It is correct that the subcommittee note to the subcommittee draft of December 16, 1973, comments that the defense of duress as enacted in the Pennsylvania Crimes Code represents a departure from the general rule that the coercion which will excuse the commission of a criminal act must be immediate and of such nature as to induce a well–grounded apprehension of death or serious bodily harm if the act is not done.[3] This is not to say however that the Judge should so charge. To do so would merely give the jury one example of what is not required to constitute reasonable firmness. It is far better to give the jury a general guideline to assist it as factfinder in deciding whether the appellant's resistance reached the reasonable firmness standard. Thus, the subcommittee draft relied upon by appellant recommends a general instruction on reasonable firmness which was given by the trial court as follows:

> ". . . In determining whether a person of reasonable firmness in the defendant's situation would have been unable to resist you should consider the seriousness of the crime which the defendant was asked to commit, the nature and severity of the force used or threatened, any alternative way in which the defendant might have escaped, averted that force. You have a right to consider the age and the physical condition and the strength of the defendant to have avoided that force and all other factors which may bear on the reaction of a person of reasonable firmness in the same situation." (N.T., p. 119–120).[4]

**3.** This rule was probably the law of Pennsylvania before the enactment of the Crimes Code. *See Com. v. Schwartz*, 445 Pa. 515, 521, 285 A.2d 154, 157 (1971); 10 P.L.E.Criminal Law § 42 (1972).

**4.** Although at first blush the reasonable firmness standard appears to be a purely objective one, it is a mixed objective–subjective standard. See Comment Model Penal Code § 2.09 Duress as a Defense Tentative Draft No. 10. The Pennsylvania law closely follows §§ (1) and (2) of the Model Penal Code.

Defendant's point for charge number 3 which was refused is:

> "If you find that Mr. Wiggins was threatened by another with the shotgun to commit the crime he is charged with, you must find Mr. Wiggins was subject to that amount of force that would cause a person of reasonable firmness to commit a crime and you must acquit the defendant." (N.T., p. 141).

This point was properly refused since it directs the jury to find that *any* threat with a shotgun to the appellant would require an acquittal. As the court properly charged it was for the jury to determine under all the circumstances whether the threat of use of force was such that a person of reasonable firmness would have been unable to resist.

### III

Appellant next argues that the three to ten year sentence is excessive.

The law of Pennsylvania with respect to excessive sentences is that "If a sentence imposed is within statutory limits there is no abuse of discretion unless the sentence is so manifestly excessive so as to inflict too severe a punishment." *Com. v. Person*, 450 Pa. 1, 4–5, 297 A.2d 460 (1972); *Com. v. Wrona*, 442 Pa. 201, 275 A.2d 78 (1971); *Com. v. Zelnick*, 202 Pa.Super. 129, 195 A.2d 171 (1963), *cert. denied*, 377 U.S. 1006, 84 S.Ct. 1943, 12 L.Ed.2d 1054 (1964); *Com. v. Pouls*, 198 Pa.Super. 595, 182 A.2d 261 (1962); *Com. v. Bilinski*, 190 Pa.Super. 401, 154 A.2d 322 (1959).

The jury found the defendant guilty of robbery and conspiracy and a shotgun was trained on the victim throughout the episode. The appellant had prior convictions in Ohio for aggravated burglary in 1975 and theft and receiving stolen property in 1976. No argument is made that there was any error in the court's sentencing procedures, and the court's statements at the time of sentencing indicate that it considered the necessity for the period of incarceration in light of the gravity of the offense, the protection of the

624

public, and the rehabilitative needs of the defendant. *See Com. v. Wicks,* 265 Pa.Super. 305, 401 A.2d 1223 (1979); *Com. v. Doyle,* 275 Pa.Super. ——, 418 A.2d 1336 (1979); *Com. v. Bachert,* 271 Pa.Super. 72, 412 A.2d 580 (1979). For an appellate court to determine that the sentence was excessive would be an improper invasion of the trial judge's function.

Judgment of sentence affirmed.