450 A.2d 83

**COMMONWEALTH of Pennsylvania**

v.

**Dan–E Lee BOYCE, Appellant.**

Superior Court of Pennsylvania.

Submitted April 23, 1982.

Filed Sept. 3, 1982.

---

28

William F. Zaun, Bethlehem, for appellant.

Donald B. Corriere, District Attorney, Easton, for Commonwealth, appellee.

Before WICKERSHAM, BROSKY and WIEAND, JJ.

WICKERSHAM, Judge:

On June 8, 1981, appellant appeared before the Honorable Richard D. Grifo in the Court of Common Pleas of Northampton County and entered a plea of guilty to a charge of issuing a bad check, in violation of section 4105 of the Crimes Code of Pennsylvania.[1]  Specifically he was charged

1.  § 4105.  Bad checks

(a) Offense defined.—A person commits an offense if he issues or passes a check or similar sight order for the payment of money, knowing that it will not be honored by the drawee.

(b) Presumption.—For the purposes of this section as well as in any prosecution for theft committed by means of a bad check, an

with having issued check no. 182, dated December 21, 1980, in the amount of $245.98, made payable to the order of Joe's Market, drawn on the First Valley Bank of Easton, Pennsylvania, which check was subsequently refused for insufficient funds.

At the time of the court proceedings before Judge Grifo on October 1, 1981, Boyce was serving a prison term of not less than one nor more than two years on another conviction.

The court sentenced as follows:

The sentence of the Court is that you, Dan Boyce, pay the cost of prosecution. Make restitution in full in the amount of $245.98. And that you be incarcerated in the Northampton County Prison for a period of not less than six months nor more than twelve months. And that six to twelve months shall be consecutive to the present sentence that you are serving.

However, when and if you become eligible for work release under the present sentence that you are serving, namely the one to two years, when you become eligible for work release, if you do under that sentence, this sentence should not impede you from becoming eligible for work release.

Sentencing Record at 4.

From the judgment of sentence rendered October 1, 1981, appellant has taken this direct appeal.[2]

issuer is presumed to know that the check or order (other than a post-dated check or order) would not be paid, if:

(1) the issuer had no account with the drawee at the time the check or order was issued; or

(2) payment was refused by the drawee for lack of funds, upon presentation within 30 days after issue, and the issuer failed to make good within ten days after receiving notice of that refusal.

(c) Grading.—An offense under this section is a misdemeanor of the second degree if the amount of the check or order exceeds $200; otherwise it is a summary offense.

18 Pa.C.S. § 4105.

2. Appellant's sole statement of question involved is:

I. Whether the judgment of sentence rendered in this case was unduly harsh?

Brief for Appellant at 2.

Pennsylvania Rule of Criminal Procedure 1410, entitled "Motion to Modify Sentence," reads as follows:

A motion to modify sentence shall be in writing and shall be filed with the sentencing court within ten (10) days after imposition of sentence.

No such motion to modify sentence was filed in this case, but rather a direct appeal was taken from the judgment of sentence.

■ The Comment to Pa.R.Crim.P. 1410 reads as follows:

*Comment:* This rule provides a procedure whereby a motion to modify sentence must be raised in the first instance before the sentencing court, thereby giving that court the first opportunity to modify the sentence. If the case proceeds to an appellate court, the Rule 1405 requirement that the trial judge state on the record the reasons for imposing a sentence will provide a record concerning the sentence. However, this procedure does not affect the court's inherent power to correct an illegal sentence, or obvious and patent mistakes in its orders, at any time. Cf. *Commonwealth v. Cole,* 437 Pa. 288, 263 A.2d 339 (1970).

. . . .

Adopted May 22, 1978, effective as to cases in which sentence is imposed on or after July 1, 1978.[3]

■ We hold that where an appellant desires to challenge his sentence on the grounds of harshness and fails to file a motion to modify his sentence, such inaction constitutes waiver. Under the procedure followed instantly, the trial judge did not receive the first opportunity to modify the sentence. *Commonwealth v. Ruschel,* 280 Pa.Super. 187, 421 A.2d 468 (1980).

3. Although the comments by the Supreme Court's Criminal Rules Committee are not binding on us, they may be considered as effective aides when interpreting the meaning of the rules and amendments thereto. *Commonwealth v. Byrd,* 250 Pa.Super. 250, 378 A.2d 921 (1977). Additionally, Pa.R.Cr.P. 2 states that the rules shall be construed "as nearly as may be in consonance with the rules of statutory construction." Those rules authorize us to consult the report of the committee that drafted the amendment. 1 Pa.C.S. § 1939.

We hold therefore that the issue before us has been waived and, accordingly, we affirm the judgment of sentence.  Jurisdiction of the Superior Court of Pennsylvania is relinquished and the lower court is directed to enforce its sentence.[4]

4.  We note in passing, however, that the sentencing judge fully explained on the record the reasons for his sentence and we note further that the sentence was well within the statutory limits.

Imposition of a proper sentence under the Sentencing Code, 18 Pa.C.S. Section 1301, et seq. is a matter vested in the sound discretion of the trial court whose determination is to be respected unless it is a manifest abuse of discretion.

*Commonwealth v. Kostka,* 276 Pa.Super. 494, 503, 419 A.2d 566, 571 (1980) (citation omitted).  In *Commonwealth v. Wiggins,* 274 Pa.Super. 617, 623, 418 A.2d 577, 580 (1980), we stated that, " 'if a sentence imposed is within statutory limits there is no abuse of discretion unless the sentence is so manifestly excessive so as to inflict too severe a punishment.' "  (Quoting from *Commonwealth v. Person,* 450 Pa. 1, 4–5, 297 A.2d 460, 462 (1972)).