578 A.2d 540

**COMMONWEALTH of Pennsylvania**

v.

**Donna Marie ELY, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1989.

Filed Aug. 16, 1990.

Lawrence L. Davis, Ebensburg, for appellant.

James A. Nelson, Asst. Dist. Atty., Ebensburg, for Com., appellee.

Before DEL SOLE, KELLY and HESTER, JJ.

KELLY, Judge:

This appeal returns to this Court following remand for appointment of new counsel based upon the patent inadequacy of the brief filed on appellant's behalf by prior counsel. *Commonwealth v. Ely*, 381 Pa.Super. 510, 554 A.2d 118 (1988). New counsel has filed an advocate's brief which properly and cogently presents appellant's now sole contention on appeal. Nonetheless, we conclude that the appeal is without merit, and affirm Judgment of Sentence.

Appellant is a mentally retarded adult with attendant personality disorders. She was convicted in a non-jury trial

of four counts of endangering the welfare of a child, three counts of incest, and three counts of corruption of a minor. Post verdict motions were denied, and appellant was sentenced to an aggregate sentence of 10–20 years imprisonment. A timely appeal followed.

■ Appellant through newly appointed appellate counsel now contends that counsel failed to effectively develop a defense of duress and involuntary intoxication. In fact, however, appellant's argument in support of this contention rests entirely on evidence presented and argued by prior counsel, but rejected by the trial court as fact finder in a non-jury trial. On appeal, appellant has failed to proffer any specific evidence which counsel ineffectively failed to offer or argue at trial. Hence, the contention must fail. *See Commonwealth v. Pettus,* 492 Pa. 558, 563, 424 A.2d 1332, 1335 (1981); *Commonwealth v. Petras,* 368 Pa.Super. 372, 376, 534 A.2d 483, 485 (1987).

■ Counsel also argues that a new trial is required under the rationale expressed in *Commonwealth v. Stonehouse,* 521 Pa. 41, 555 A.2d 772 (1989). First, counsel errs in two material respects. The portion of *Stonehouse* upon which counsel would have us rely did not command a majority of the Court. Moreover, the *dicta* relied upon could not properly be extended by analogy to control this case, even if it had been precedential.

Counsel labors under the misapprehension that *Stonehouse* adopted the "battered woman's syndrome" theory of self-defense. It did not.

While the lead opinion for the majority by Justice Larsen would have done so, *four* of the *seven* Justices sitting in *Stonehouse* expressly declined to embrace Justice Larsen's proposed adoption of the "battered woman's syndrome" theory of self-defense. *See Commonwealth v. Stonehouse, supra,* 555 A.2d at 785 (Zappala, J., concurring; Flaherty, J., joins the concurrence) (concurring on other grounds, expressly declining to reach the battered woman's syndrome self-defense issue); *id.* (Nix, C.J., dissenting;

McDermott, J., joins the dissent) (dissenting on waiver grounds, expressly declining to reach the battered woman's syndrome self-defense issue). At most, our Supreme Court has expressed a willingness to seriously reconsider the subject, if properly raised, developed, and preserved in some *future* case. *Id.*

■ Assuming, *arguendo*, that the theory were to be adopted in some *future* case, counsel could still not be found ineffective *here* for failing to raise an analogous theory. Succinctly, counsel is not required to anticipate changes in the law; *a fortiori*, counsel is not required to anticipate potential expansions by analogy of such future changes in the law.

Moreover, the controversial aspect of the battered woman's syndrome theory of self-defense case is not controversial in duress cases. The stumbling block in battered woman's syndrome self-defense cases is the legislative requirement that there be an *immediate* or *imminent* threat of serious bodily injury when the deadly force was used; the battered woman's syndrome theory of self-defense (even if accepted) merely establishes that the accused reasonably perceived an *immediate* or *imminent* threat *which did not actually exist. See Commonwealth v. Grove*, 363 Pa.Super. 328, 333–339, 526 A.2d 369, 372–75 (1987), *allocatur denied*, 517 Pa. 630, 539 A.2d 810 (1987).

■ Immediacy or imminence is not a requirement of duress, as it is of self-defense. Consequently, acceptance of the battered woman's syndrome theory of self-defense in Pennsylvania would add little, if anything, to the existing law that the existence of duress is to be determined by considering whether *under the totality of the circumstances* (including past abuse and appellant's mental capacity) the threat (implicit or explicit) or use of force was such that a person of reasonable firmness would have been unable to resist. *See Commonwealth v. Wiggins*, 274 Pa.Super. 617, 623, 418 A.2d 577, 580 (1980). Had the battered woman's syndrome theory of self-defense been

adopted in *Stonehouse,* and had that adoption been anticipated by counsel here, no material change could have resulted.

■ Implicit in counsel's argument on this point is the erroneous assumption that prior counsel is to be deemed ineffective for failing to *better* pursue *unspecified* evidence and argument in support of the duress claim. It is incumbent upon an appellant claiming ineffective assistance of counsel on such grounds to proffer *specific,* admissible evidence to be presented at an evidentiary hearing in order to even warrant a hearing on such a claim. *See Commonwealth v. Pettus, supra; Commonwealth v. Petras, supra.* No such proffer was made here.

In an abundance of caution this Court reserved judgment on this appeal until appellant's side could be fully and effectively presented. *Commonwealth v. Ely, supra.* New counsel's brief assures us now, as prior counsel's did not, that we have fully and fairly heard both sides. As a result, we may now decide this case with confidence that appellant has had the full benefit of due process. *Cf. Commonwealth v. Albert,* 522 Pa. 331, 561 A.2d 736 (1989).

Judgment of sentence is affirmed.[1]

DEL SOLE, J., concurs in the result.

---

1. While counsel has not reasserted the other four issues suggested for review in the brief submitted by prior counsel, we note that upon review of the record, we agree with Judge Rowley and the learned trial judge that those claims were also meritless. 554 A.2d at 120–24.