580 A.2d 1134

**COMMONWEALTH of Pennsylvania**

**v.**

**Edith Georgette KERSTETTER, Appellant.**

Superior Court of Pennsylvania.

Argued June 12, 1990.

Filed Oct. 1, 1990.

Christopher J. Foust, Milton, for appellant.

Edward W. Klein, Asst. Dist. Atty., Sunbury, for Com., appellee.

Before WIEAND, DEL SOLE and MONTEMURO, JJ.

DEL SOLE, Judge:

Edith G. Kerstetter, Appellant, was found guilty of delivery of a controlled substance. Post-verdict motions were filed and denied and Kerstetter was sentenced. She appeals from this judgment of sentence raising three issues. We find the first two to be without merit but we conclude that the Appellant's third claim requires us to vacate the Judgment of Sentence and remand for resentencing.

Kerstetter was charged with possession with intent to deliver, delivery and conspiracy to deliver a controlled substance. On July 8, 1988, Kerstetter was formally arraign-

ed. On August 17, 1988, the Commonwealth filed a motion to consolidate Kerstetter's trial with the trial of Devin Murphy. Murphy was charged with several crimes relating to controlled substances in a separate information. The trial court granted the Commonwealth's motion to consolidate over Kerstetter's objection. Approximately seven months later the trial was held. Kerstetter was found not guilty on two of the charges presented, but guilty on one count of delivery of a controlled substance. Her co-defendant, Murphy, was ultimately found guilty of possession with intent to deliver and delivery. In addition to an order requiring her to pay fines and restitution, Kerstetter was sentenced to serve a 4 to 48 month period of incarceration.

The first issue raised by Kerstetter is whether the trial court erred when it granted the Commonwealth's motion to consolidate. Kerstetter argues that the motion was untimely because it was filed ten days beyond the time limit set in the Pennsylvania Rules of Criminal Procedure and because the Commonwealth alleged no cause for the delay in filing the motion. In a related issue Kerstetter claims that the court's decision permitting her case to be consolidated with her co-defendant's was prejudicial to her right to a fair trial.

With regard to these claims we have reviewed the record and applicable case law. The trial court in its Opinion provides sound rationale for the decisions it made concerning consolidation. Finding no need to repeat or elaborate on the court's analysis which correctly disposes of the first and second issues raised, we affirm.

Appellant's remaining claims challenge the sentence imposed by the trial court. Among other allegations of error she asserts that the sentencing court relied on a pre-sentence report which contained factual errors. The accuracy of the report was challenged by counsel who addressed various statements contained in the report at the sentencing hearing. First counsel challenged the propriety of the prosecutor giving the probation department com-

ments to be contained in the report. The assistant district attorney in this case relayed information contained in the report which indicated that Kerstetter refused to be finger-printed in relation to an alleged death threat made by mail to the informant. She asserts that this information is inaccurate, that she was indeed fingerprinted and that she had no involvement whatsoever in the death threat.

Also contested were two observations made by the arrest-ing officer which were contained in the report. The officer opined that Kerstetter acted in the role of a "master" over her co-defendant who occupied a "slave" position. Further the officer commented that Kerstetter "did not cooperate." The accuracy of these observations was disputed by Ker-stetter's counsel who asserted that both statements were false. In addition, her counsel disputed the assistant dis-trict attorney's statements in the pre-sentence report that Kerstetter's actions required the Commonwealth to incur the expenses of producing an expert witness at trial. Ker-stetter's counsel informed the court that the witness was not necessary to his client's case, but was called because of a decision made by the co-defendant's counsel.

After presenting these objections to the court, a brief statement was made by Kerstetter and her father. The court then imposed sentence without setting forth to what extent, if any, it accepted as true any of the challenged statements set forth in the report. Nor did the court indicated that it was accepting the version of these state-ments offered by defense counsel.

The critical role played by pre-sentence reports in sen-tencing has recently been recognized by our supreme court. Noting the sentencing court's utilization of pre-sentence reports, the supreme court has ruled that the need for trial courts to engage in an exhaustive statement of the reasons for the sentence imposed has been eliminated. As was stated in *Commonwealth v. Devers*, 519 Pa. 88, 101–102, 546 A.2d 12 (1988):

> We emphatically reject, therefore, interpretations of our law in this area which call for separate, written opinions

embodying exegetical thought. Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ check lists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.

The discretion afforded a sentencing court is premised upon a belief that the court is armed with a wealth of information particular to the individual defendant and in general with the legislature's recommendations regarding sentencing contained in the guidelines. Precisely because of the wide latitude afforded sentencing courts and because we recognize the court's ability to arrive at a balanced judgment when possessed of all the facts, it becomes imperative that the facts relied upon by the sentencing court be *accurate.* If we are to "presume" that when a sentencing court is in possession of a pre-sentence report its "weighing process took place in a meaningful fashion," as *Devers* instructs, 519 Pa. at 102, 546 A.2d 12, then we must ensure that the court's reliance has not misplaced on a report which contains erroneous information. Although we are not equipped to research or question the accuracy of the report, nor should we be, when particular statements of facts contained in the report are challenged as false by a defendant at sentencing, the sentencing court should make a determination as to which version it accepts as the facts.

It has been held that it is sufficient to render a sentence invalid if it reasonably appears from the record that the sentencing court relied in whole or in part upon an erroneous consideration. *Commonwealth v. Bethea,* 474 Pa. 571, 379 A.2d 102 (1977). However, if the pre-sentence report

relied upon by the court is challenged as inaccurate by the defendant and the court fails to indicate which facts it finds to be true, on appeal we are unable to determine whether the court relied in whole or in part upon an erroneous consideration. Where, as here, the accuracy of the pre-sentence report has been challenged at the sentencing hearing, the sentencing court cannot solely rely on the pre-sentence report to satisfy the record requirements of its sentencing function. Thus, whenever the information contained in the pre-sentence report is challenged by the defendant at sentencing, it is incumbent upon the court to engage in a fact finding function to determine the truth or falsity of the statements contained in the report. The reliance sentencing courts enjoy regarding pre-sentence reports in the sentencing process presumes their accuracy. When it is alleged that the reports contain untruths, it is imperative that the sentencing court make the appropriate determination on the record of the factual basis for the sentence imposed. As was said in *Commonwealth v. Martin*, 466 Pa. 118, 131–132, 351 A.2d 650 (1976):

> It is true that the sentence imposed is normally left undisturbed on appeal because the trial court is in a far better position to weigh the factors involved in such a determination. However, we have held that the court's discretion must be exercised within certain procedural limits, including the consideration of sufficient and accurate information.

In conclusion we find it necessary to vacate the judgment of sentence in this case and remand the matter to the trial court for resentencing. As we have stated, a pre-sentence report is of enormous importance in providing the court with relevant information for consideration in sentencing. Because the report in this case, which detailed information concerning Kerstetter's individual character and facts particular to her case, was alleged to contain falsehoods, the sentencing court must determine which version of the facts is accurate and then proceed to sentence accordingly. We direct the court on remand to indicate whether it accepts as

true the facts contained in the pre-sentence report or whether other descriptions of the facts are accurate. Based upon the facts found by the court, a sentence should be imposed.

Judgment of Sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

MONTEMURO, J., files a concurring opinion.

MONTEMURO, Judge, concurring:

While I find the majority's disposition of the sentencing issue in this case to be appropriate and the final result correct, for the following reasons I cannot agree with the majority's analysis of the joinder issues presented.

Appellant argues that the Commonwealth's joinder motion was untimely, having been filed on August 17, 46 days subsequent to appellant's arraignment.[1] It is claimed that the delay constitutes a violation of Pa.R.Crim.P. 306, 307 and 1127(B)(1), (2).

Pa.R.Crim.P. 1127(B)(1), (2) reads in pertinent part as follows:

B. Procedure

(1) Written notice that offenses or defendants charged in separate indictments or informations will be tried together shall be served on the defendant at or before arraignment.

(2) When notice has not been given under paragraph (B)(1), any party may move to consolidate for trial separate indictments or informations, which motion must ordinarily be included in the omnibus pretrial motion.

Pa.R.Crim.P. 306 reads as follows:

Unless otherwise required in the interests of justice, all pretrial requests for relief shall be included in one omnibus pretrial motion.

Pa.R.Crim.P. 307 reads as follows:

---

1. The Motion for Consolidation followed appellant's (timely) Motion for Severance by nine days.

Except as otherwise provided in these rules, the omnibus pretrial motion for relief shall be filed within thirty (30) days after arraignment, unless opportunity therefor did not exist, or the defendant or defense attorney, or the attorney for the Commonwealth, was not aware of the grounds for the motion, or unless the time for filing has been extended by the court for cause shown.

The question appellant poses resolves itself into whether the word "ordinarily", as used in Rule 1127(B)(2), requires some justification by the movant for violation of the thirty day provision of Rule 307. Herein, neither appellee's Brief nor the hearing on appellee's motion to consolidate contains any explanation of the delay in filing the motion, or any assertion that the circumstances surrounding the motion are other than "ordinary."

The Comment to Rule 1128 [2], which concerns severance of offenses or defendants, supports the notion that the exceptions described in Rule 307 constitute the "extraordinary" which justifies late filing of the motion. It reads:

Under the Rule 306 (Omnibus Pretrial Motion for Relief), any request for severance must *ordinarily* be made in a pretrial motion or it is considered waived unless a later filing is permitted under the exceptions enumerated in Rule 307. (emphasis supplied)

I find this a clear indicator of the meaning with which "ordinarily" is invested, *see, Commonwealth v. Boyce,* 304 Pa.Super. 27, 450 A.2d 83 (1982), and of its proper interpretation: appellee has, by its dereliction in filing the Motion to Consolidate, violated Rule 307. I believe the trial court thus committed error in considering the motion. *Commonwealth v. Robinson,* 298 Pa.Super. 447, 444 A.2d 1260 (1982). However, I find the solution to the problem of remedy dependent upon resolution of appellant's next claim that she was prejudiced by the joinder.

**2.** Pa.R.Crim.P. 1128:
The court may order separate trials of defendants or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together.

While appellant alleges no prejudice attributable to the delay in the filing of the motion, she does argue that the consolidation of her case with that of her co-defendant resulted in prejudice because of inconsistent defenses. Specifically it is claimed that appellant's defense of innocence was vitiated and her credibility damaged by the mere proximity of co-defendant Murphy, with whom appellant resided. I find myself unconvinced. Appellant was arrested and found guilty on the basis of evidence that she had actively participated in two controlled buys of marijuana. Despite her co-defendant's testimony as to her lack of involvement, the jury chose to believe otherwise. The same evidence would have convicted her at a trial of her own. The acquittal she received at a separate trial on charges which had been severed is irrelevant to this inquiry as the record in that case is not and could not properly be before us. *Woolard v. Burton*, 345 Pa.Super. 366, 498 A.2d 445 (1985). Moreover, as the Commonwealth points out, the verdict against appellant varied from that of her co-defendant, who was found guilty of delivery and possession with intent, while appellant was only convicted of delivery. The difference argues the jury's ability to distinguish the roles of the parties. Finally, the trial court notes that in *Commonwealth v. Katsafanas*, 318 Pa.Super. 143, 464 A.2d 1270 (1983), a panel of this court found that the assertion of a better chance of acquittal in a separate trial is not sufficient to demonstrate abuse of discretion where severance is denied. I agree. Moreover, because of the lack of any prejudice accruing to appellant either from either the joinder or from late filing of the motion, I would see no reason to grant such relief, in the form of a new trial, as has been requested.