J-S17042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN M. RODGERS | |
| Appellant | No. 1786 WDA 2014 |

Appeal from the Judgment of Sentence May 31, 2013
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000500-2008

BEFORE: GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED APRIL 02, 2015**

Appellant, John M. Rodgers, appeals *nunc pro tunc* from the judgment of sentence entered in the Jefferson County Court of Common Pleas, following revocation of his probation. We affirm.

The relevant facts and procedural history of this case are as follows. On July 19, 2008, Appellant took three hundred and forty-seven dollars ($347.00) from a victim. During the course of the theft, Appellant punched and kicked the victim in the face, head, and ribs. Appellant entered a negotiated guilty plea at docket CP-33-CR-0000500-2008 ("docket 500-2008") on October 1, 2008, to theft by unlawful taking or disposition (18 Pa.C.S.A. § 3921(a)) and simple assault (18 Pa.C.S.A. § 2701(a)). The court sentenced Appellant that day to two (2) years' probation for each

_____

*Former Justice specially assigned to the Superior Court.

conviction, to be served consecutively, for an aggregate sentence of four (4) years' probation at docket 500-2008.[1,2]

Appellant committed technical violations of his probation by failing to report and by changing his residence without permission from his probation officer. On December 9, 2009, Appellant admitted to the technical probation violations; the court subsequently ordered a pre-sentence investigation ("PSI") report. Prior to holding a revocation ("VOP") hearing, Appellant committed new offenses in Clearfield County.[3] On February 14, 2011, the court held a VOP hearing for Appellant's theft and simple assault convictions at docket 500-2008. The court took judicial notice of Appellant's guilty plea and sentence in Clearfield County, and revoked Appellant's probation for

_____

[1] Also on October 1, 2008, Appellant entered a guilty plea at docket # CP-33-CR-0000499-2008 ("docket 499-2008") to theft by unlawful taking or disposition. The court sentenced Appellant to eleven (11) months to two (2) years' imprisonment (less one day), plus one (1) day of probation, for that offense. The court imposed Appellant's sentences at docket 500-2008 consecutive to Appellant's sentence at docket 499-2008.

[2] On October 20, 2008, the court amended the sentencing order for Appellant's theft conviction at docket 500-2008, to eliminate a term/condition of Appellant's probation, which had required Appellant to pay a constable fee. The court did not otherwise alter Appellant's theft sentence.

[3] Specifically, Appellant pled guilty to driving under the influence of alcohol or a controlled substance, unauthorized use of a motor vehicle, and careless driving. On September 28, 2010, the Clearfield County Court of Common Pleas sentenced Appellant to thirty (30) days to two (2) years' imprisonment for the DUI conviction; two (2) years' probation for the unauthorized use conviction; and imposed no further penalty for the careless driving conviction.

theft and simple assault based on Appellant's new crimes. The court resentenced Appellant to eighteen (18) months' probation for theft (consecutive to any other sentence Appellant was serving), and resentenced Appellant to six (6) months' probation for simple assault, consecutive to the theft probation sentence. Thus, the court imposed an aggregate sentence of twenty-four (24) months' probation for Appellant's simple assault and theft convictions at docket 500-2008.[4]

Appellant violated his probation again in December 2011 and January 2012, by committing drug offenses.[5] On April 3, 2013, Appellant entered a negotiated guilty plea for these crimes at docket # CP-33-CR-0000618-2012 ("docket 618-2012") and docket # CP-33-CR-0000621-2012 ("docket 621-2012"). Specifically, Appellant pled guilty to one count of possession with intent to deliver a controlled substance ("PWID") at each docket. The court imposed a term of nine (9) months to five (5) years' imprisonment for each PWID conviction, to be served concurrently. Additionally, regarding Appellant's underlying theft and simple assault convictions at docket 500-2008, Appellant admitted that his drug offenses constituted violations of his

_____

[4] The court also revoked Appellant's probation at docket 499-2008, and resentenced Appellant to eighteen (18) months to five (5) years' imprisonment on that docket, consecutive to the Clearfield County sentence.

[5] Appellant also committed a technical violation of probation by possessing controlled substances.

probation.  The court took judicial notice of Appellant's guilty pleas and sentences for PWID, and ordered preparation of a PSI report.

On May 31, 2013, the court held a VOP hearing concerning Appellant's theft and simple assault convictions at docket 500-2008 based on Appellant's PWID convictions.  The court revoked probation for the theft and simple assault offenses and resentenced Appellant to two and one-half (2½) to five (5) years' imprisonment for the theft conviction (with credit for time served), concurrent to the PWID sentences; and six (6) months to two (2) years' imprisonment for the simple assault conviction (with credit for time served), consecutive to the theft sentence.  Thus, the court imposed an aggregate revocation sentence of three (3) to seven (7) years' imprisonment at docket 500-2008.  Appellant did not file post-sentence motions.

On June 28, 2013, Appellant timely filed a notice of appeal.  This Court affirmed the judgment of sentence on March 5, 2014, waiving Appellant's sole issue challenging the discretionary aspects of his sentence for failure to object at sentencing or file post-sentence motions; and for failure to file a Pa.R.A.P. 2119(f) statement.  **See Commonwealth v. Rodgers**, 100 A.3d 296 (Pa.Super. 2014).

On July 28, 2014, Appellant timely filed a *pro se* PCRA petition.  The court appointed counsel on August 15, 2014, who filed an amended PCRA petition on September 30, 2014, requesting reinstatement of Appellant's post-sentence and direct appeal rights *nunc pro tunc*.  The court granted

relief on October 2, 2014, and reinstated Appellant's post-sentence and direct appeal rights *nunc pro tunc*. On October 3, 2014, Appellant timely filed a post-sentence motion *nunc pro tunc*, which the court denied that day.[6] Appellant timely filed a *nunc pro tunc* notice of appeal on October 20, 2014. On October 24, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant timely complied on November 3, 2014.

Appellant raises one issue for our review:

> DID THE SENTENCING COURT EXERCISE A MANIFEST ABUSE OF DISCRETION AT [APPELLANT'S] *GAGNON II*[7] PROBATION REVOCATION SENTENCING WHEN IT SENTENCED [APPELLANT] TO A MANIFESTLY EXCESSIVE SENTENCE, THE MAXIMUM SENTENCE ALLOWED BY LAW, AND IN STATING REASONS FOR THE SENTENCE THAT WERE NOT SUPPORTED BY THE RECORD, TO WIT: IN BOTH THE *GAGNON II* REVOCATION SENTENCE TRANSCRIPTS, AND IN ITS PA.R.A.P. NO. 1925(A) OPINION, THE TRIAL COURT INDICATES THAT IT FASHIONED A SENTENCE THAT ONLY EXTENDED [APPELLANT'S] MINIMUM SENTENCE BY SIX (6) MONTHS WHEN IN REALITY THE TRIAL COURT EXTENDED [APPELLANT'S] MINIMUM AGGREGATE SENTENCE BY TWENTY-SEVEN (27) MONTHS?

(Appellant's Brief at 4).

_____

[6] The certified record does not contain a docket entry or court order denying Appellant's post-sentence motion. Nevertheless, Appellant's brief includes a copy of the order denying relief.

[7] *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. *Commonwealth v. Cartrette*, 83 A.3d 1031, 1033-34 (Pa.Super. 2013) (*en banc*) (explaining that, notwithstanding prior decisions which stated our scope of review in revocation proceedings is limited to validity of proceedings and legality of sentence, this Court's scope of review on appeal from revocation sentencing can also include discretionary sentencing challenges).

Appellant argues the court's on-the-record statements concerning his revocation sentences for theft and simple assault are inconsistent with the facts of record. Appellant explains the court sentenced him on April 3, 2013 at dockets 618-2012 and 621-2012 to concurrent terms of nine (9) months to five (5) years' imprisonment for his PWID convictions. Based on these drug convictions, the court revoked Appellant's probation for his underlying theft and simple assault convictions at docket 500-2008, and resentenced Appellant on May 31, 2013, to two and one-half (2½) to five (5) years' imprisonment for theft, and a consecutive six (6) months to two (2) years' imprisonment for simple assault. Appellant asserts the court stated at the May 31, 2013 VOP hearing that the revocation sentences for Appellant's theft and simple assault convictions essentially increased Appellant's minimum sentence by only six (6) months. Appellant contends the court's

statement is inaccurate, because the court actually increased Appellant's minimum sentence by twenty-seven (27) months' imprisonment. Specifically, Appellant maintains that his minimum sentence on the PWID convictions was nine (9) months' imprisonment (because the court ran those sentences concurrently). By imposing a two and one-half (2½) year minimum revocation sentence for theft (totaling thirty (30) months) concurrent to the PWID sentences, the court increased Appellant's minimum sentence by twenty-one (21) months. Appellant insists the court's imposition of a consecutive six (6) month minimum sentence for simple assault increased Appellant's aggregate minimum sentence by twenty-seven (27) months. Appellant complains the court's sentencing rationale was mathematically inaccurate. Appellant concludes the revocation sentences are erroneous where the court's sentencing justification is at odds with the record; and this Court must remand for resentencing.[8] As presented, Appellant's issue challenges the discretionary aspects of his sentence. **See generally Commonwealth v. Kerstetter**, 580 A.2d 1134 (Pa.Super. 1990) (explaining claim that court relied on inaccurate information at sentencing implicates discretionary aspects of sentencing).

_____

[8] Appellant mentions that the court's imposition of the statutory maximum sentence for his theft conviction (five years' imprisonment) was manifestly excessive, but he fails to develop this claim. Consequently, it is waived. **See Commonwealth v. McDermitt**, 66 A.3d 810 (Pa.Super. 2013) (explaining undeveloped claims are waived and unreviewable on appeal).

Objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or in a timely filed post-sentence motion. *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013). *See also* Pa.R.Crim.P. 708(E) (stating motion to modify sentence imposed after revocation shall be filed within 10 days of date of imposition); *Commonwealth v. Burks*, 102 A.3d 497 (Pa.Super. 2014) (explaining Rule 708 continues to govern appellant's post-sentence rights following reinstatement of post-sentence rights *nunc pro tunc*).

Instantly, the court reinstated Appellant's post-sentence and direct appeal rights *nunc pro tunc* on October 2, 2014. Appellant timely filed a post-sentence motion the following day. Nevertheless, Appellant raised a different challenge in his post-sentence motion *nunc pro tunc* than he presents on appeal. Specifically, Appellant phrased his sentencing challenge in his post-sentence motion *nunc pro tunc*, as follows:

> The…revocation sentences are both the maximum sentences allowed by statute and, it is herein alleged that, they are both manifestly excessive when considering the mitigating factors, to wit: [Appellant] was seeking counseling through violence prevention and drug and alcohol, he had paid all of his fines and restitution owed [to] Jefferson [C]ounty in connection with his prior Theft and Simple Assault convictions, he was serving a nine month to five year sentence at SCI Pine Grove, he will receive from the State Parole Board an additional nine to eighteen months for parole violations, and [Appellant's] acknowledgement to the court that he has made mistakes in his life;

> Wherefore, [Appellant] requests the court grant the within motion to modify sentence and in so doing re-sentence [Appellant] to a more lenient sentence.

(Appellant's Post-Sentence Motion *Nunc Pro Tunc*, filed October 3, 2014, at 1). Significantly, Appellant's motion makes no mention of his argument on appeal that the court's statements at sentencing were inconsistent with the record. (**See id.**) Thus, Appellant's sentencing challenge is waived. **See Griffin, supra**.

Moreover, the court addressed Appellant's appellate issue as follows:[9]

> [Appellant] claims that the [c]ourt's reasons for the overall sentence were not supported by the record because "on the record and in its Rule 1925(a) opinion [preceding Appellant's initial direct appeal], the trial court indicates that it fashioned a sentence that only extended [Appellant's] minimum sentence by six (6) months when in effect the trial court extended [Appellant's] minimum aggregate sentence by twenty-seven (27) months." This claim, though, appears to stem from [Appellant's] misapprehension of the [c]ourt's express objective.
>
> On April 3, 2013, [Appellant] pled guilty to two counts of [PWID], one at [docket] 618-2012 and the other at [docket] 621-2012, and pursuant to his plea agreement, the [c]ourt sentenced him to concurrent terms of 9 months [to] 5 years' incarceration. Those sentences would not commence, however, until [Appellant] had fulfilled the sentences he was then serving on account of his parole violations.
>
> Approximately 7 weeks later, [Appellant] was again before the [c]ourt to be sentenced for violating his probation. At that time the [c]ourt revoked his probation and, noting

_____

[9] Appellant raised his claim on appeal for the first time in his Rule 1925(b) statement.

that its aggregate sentence would increase his minimum by only 6 months, resentenced him to 2½ [to] 5 years [for theft] at [docket] 500-2008, concurrent with [dockets] 618 and 621-2012, and a consecutive 6 months [to 2] year[s for simple assault at docket 500-2008].

Now, more than 17 months later, [Appellant] seems to believe that the [c]ourt intended to add 6 months to his 9-month minimum—an interpretation that, if correct, would [validate] his claim.  As the sentencing transcript reflects, however, it was his overall minimum to which the [c]ourt deliberately added 6 months.

After discussing the result of his 2011 Clearfield County sentence and his liability for the parole violations he was facing, [Appellant] confirmed that the earliest he could begin serving his April 3, 2013 sentence was 21 months later.  It would thus be at least 30 months before he was eligible to be released from prison [based on the nine-month minimum sentences for PWID].  When the [c]ourt imposed a 2½ year minimum at [docket] 500-2008, therefore, it did not alter his overall minimum sentence.  The only increase was the additional 6 months he would have to serve [for simple assault at 500-2008], which is precisely what the [c]ourt stated on the record.

Because the [c]ourt did not abuse its discretion or impose a sentence other than that which it expressly intended and for which it gave its reasons, therefore, it respectfully suggests that the judgment of sentence imposed against [Appellant] on May [31], 2013 should be affirmed.

(Trial Court Opinion, filed November 4, 2014, at 1-2) (internal citations omitted).  Our review of the May 31, 2013 VOP transcript confirms the court's statements.  Appellant agreed at the VOP hearing that he could not begin serving his concurrent PWID sentences at dockets 618-2012 and 621-2012 until twenty-one (21) months later.  The court's imposition of a minimum two and one-half (2½) year (or thirty (30) month) revocation

sentence for Appellant's theft conviction, concurrent to Appellant's nine (9) month minimum PWID sentences, did not alter Appellant's earliest possible release date at dockets 618-2012 and 621-2012. Thus, the court's imposition of a consecutive six (6) month minimum revocation sentence for Appellant's simple assault conviction extended Appellant's earliest possible release date at dockets 500-2008, 618-2012, and 621-2012, by only six (6) months. Therefore, even if Appellant had preserved his sentencing challenge in his post-sentence motion *nunc pro tunc*, it would nevertheless merit no relief because the record belies his claim.[10] Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/2/2015

---

[10] We note the court also had the benefit of a PSI report at the VOP hearing on May 31, 2013. ***See Commonwealth v. Devers***, 519 Pa. 88, 546 A.2d 12 (1988) (explaining that when sentencing court has benefit of PSI report, this Court can assume court was aware of relevant information regarding defendant's character and weighed those considerations along with mitigating factors).