J-A25031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
     :        PENNSYLVANIA
     :
        v.      :
     :
     :
OSCAR LUGO,      :
     :
        Appellant.      :    No. 2794 EDA 2017

Appeal from the Judgment of Sentence, July 25, 2017,
in the Court of Common Pleas of Chester County,
Criminal Division at No(s):  CP-15-CR-0002037-2004,
CP-15-CR-0003873-2004.

BEFORE:  PANELLA, J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:      **FILED JANUARY 18, 2019**

Oscar Lugo appeals from the judgment of sentence imposed after a jury convicted him of sixty-three (63) counts of delivery of a controlled substance, thirty (30) counts of possession of a controlled substance with intent to deliver ("PWID"), one (1) count each of criminal conspiracy, corrupt organizations, and dealing in proceeds of unlawful activities.[1]  After careful review, we affirm.

The relevant facts and detailed procedural history are as follows.  Lugo was the leader of a cocaine drug operation that bought and sold 20 to 30 kilos of cocaine twice per month for at least 18 months.  The operation had several levels of dealers in a typical pyramid pattern with Lugo at the top.  After a jury convicted him of the aforementioned charges, the trial court sentenced

---

[1] 35 P.S., § 780-113(a)(30), and 18 Pa.C.S.A. §§ 903, 911, 5111, respectively.

Lugo to 152 to 440 years of incarceration on August 30, 2007. Lugo did not file any post-sentence motions, but filed a direct appeal. On March 16, 2009, this Court affirmed Lugo's judgment of sentence, holding that there was sufficient evidence to support all 93 of Lugo's convictions for illegal delivery and PWID. *Commonwealth v. Lugo*, 972 A.2d 553 (Pa. Super. 2009)(unpublished memorandum). Our Supreme Court denied Lugo's petition for allowance of appeal on December 16, 2009.

Lugo filed a timely PCRA petition on March 16, 2011, seeking to reinstate his right to file a post-sentence motion *nunc pro tunc*. The PCRA court granted relief on July 2, 2012, following an evidentiary hearing. In the timely post-sentence motion that followed, Lugo argued that the consecutive nature of the sentences imposed were excessive for the crimes the jury convicted him of. The trial court denied the motion on October 17, 2012.

Lugo filed a timely notice of appeal on November 15, 2012. On August 9, 2013, this Court affirmed "in light of the ample amount of criminal conduct at issue." *Commonwealth v. Lugo*, 83 A.3d 1062 (Pa. Super. 2013) (unpublished memorandum). Lugo filed a PCRA petition for collateral relief on March 30, 2015 asserting that the basis for relief arose from after-discovered evidence which alleged Lugo's brother, Colon, signed an affidavit admitting to perjury and that his perjured testimony was motivated by police coaching.

The PCRA court held an evidentiary hearing, and granted Lugo partial relief, finding that pursuant to the decision in *Alleyne v. United States*, 570

U.S. 99 (2013), and **Apprendi v. New Jersey**, 530 U.S. 466 (2000), resentencing was proper. Lugo appealed, and the PCRA court continued resentencing pending the outcome of the appeal.

Lugo argued that the PCRA court should have granted him a new trial after Colon recanted his original testimony. He also argued that he received ineffective assistance of counsel when his trial counsel failed to file a motion for bill of particulars demanding the prosecution provide dates and locations of the drug deliveries. Lugo argued the lack of specificity yielded multiple sentences violating the Double Jeopardy Clause.

On February 1, 2017, this Court affirmed, finding that the PCRA court's determination on the recantation testimony had ample support in the record, and that the ineffective assistance of counsel claim was waived because Lugo failed to raise if before the PCRA court. **Commonwealth v. Lugo**, 161 A.3d 366 (Pa. Super. 2017)(unpublished memorandum).

The trial court held a hearing for resentencing Lugo on July 25, 2017. At the hearing's conclusion, the trial court sentenced Lugo to serve an aggregate term of imprisonment of 90 to 240 years. Lugo filed a post-trial motion to modify sentence on August 3, 2017, which the trial court denied. This timely appeal followed. Both Lugo and the trial court have complied with Pa.R.A.P. 1925.

Lugo raises three issues for our review:

> 1. Whether the sentence is illegal because it was imposed in violation of the double jeopardy clause of the Fifth

Amendment which prohibits multiplicitous informations and multiplicitous sentences?

2. Whether the sentence was imposed based on inaccurate information and false assumptions in violation of the due process clause of the fourteenth amendment?

3. Whether there is a substantial question as to the appropriateness of the sentence under the sentencing code?

Appellant's Brief at 2.

In his first two issues, Lugo challenges the legality of his sentence. Our review of an illegal sentence is as follows:

[T]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. Moreover, challenges to an illegal sentence can never be waived and may be reviewed *sua sponte* by this Court.

*Commonwealth v. Hughes*, 986 A.2d 159, 160-61 (Pa. Super. 2009) (citations omitted).

In his first claim, Lugo argues that his sentence violates the Double Jeopardy Clause of the Fifth Amendment because the 93 counts of distribution and PWIDs do not contain facts regarding location, times and drug quantities, and as such, do not constitute more than a single crime. Therefore, he contends, the trial court sentenced him multiple times for a single offense because the 93 counts were not sufficiently distinguished by particularized facts. We disagree.

The Pennsylvania Rules of Criminal Procedure provide that an information is valid and sufficient if it contains "an allegation that it was committed on or about any date within the period fixed by the statute of limitations." Pa.R.Crim.P. 560(B)(3). This Court has opined that "due process is not reducible to a mathematical formula and the Commonwealth does not always need to prove a specific date of an alleged crime." *Commonwealth v. Brooks*, 7 A.3d 852, 857-58 (Pa. Super. 2010). Further, "indictments must be read in a common sense manner and are not to be construed in an overly technical sense." *Id.* If the exact date of an offense is unknown, "an allegation that the offense was committed on or about any date within the period fixed by the statute of limitations" is sufficient. *Id.* Finally, our case law has regularly "established that the Commonwealth must be afforded broad latitude when attempting to fix the date of offenses which involve a *continuous course of criminal conduct*." *Id.* (emphasis added).

Here, Lugo was involved in a criminal enterprise, that entailed a continuous course of illegal conduct – acquiring drugs and distributing them. Because of the duration and regularity of these crimes, the Commonwealth had permissible leeway regarding the dates provided in the criminal informations.

Lugo argues that due process required more precise dates in order for him to effectively defend himself. Lugo relies heavily on *Commonwealth v. Little*, 314 A.2d 270, 272-73 (Pa. 1974), where the court stated:

To invoke this jurisdiction, something more is required; it is necessary that the Commonwealth confront the defendant with a formal and specific accusation of the crimes charged. This accusation enables the defendant to prepare any defenses available to him, and to protect himself against further prosecution for the same cause; it also enables the trial court to pass on the sufficiency of the facts alleged in the indictment or information to support a conviction. The right to formal notice of charges, guaranteed by the Sixth Amendment to the Federal Constitution and by Article I, Section 9 of the Pennsylvania Constitution is so basic to the fairness of subsequent proceedings that it cannot be waived even if the defendant voluntarily submits to the jurisdiction of the court.

*Id.* at 272-73 (citations omitted).

Lugo's reliance on *Little* is misplaced. *Little* stands for the principle that subject matter jurisdiction cannot be waived; it does not hold that an assertion of an alleged defect in the criminal information deprives the court of subject matter jurisdiction. Contrary to Lugo's argument that the allegedly flawed criminal informations violated his due process rights, our Supreme Court has held that "the existence of a procedural mistake in and of itself . . . does not divest the trial court of subject matter jurisdiction. *Commonwealth v. Jones*, 929 A.2d 205, 211 (Pa. 2007).

Further, our Supreme Court has held that "the test for the substantive sufficiency of an indictment is that it must notify the defendant of the charge he has to meet." *Commonwealth v. Goldblum*, 447 A.2d, 234 (Pa. 1982). We find that the alleged defects in the criminal informantions were unsubstantial. Lugo was well notified as to the charges that were brought against him. The information of July 5, 2007, charged Lugo with numerous

drug offenses which took place between July 1, 2001, and March 1, 2004. Criminal Informations are to be read in a common sense fashion. *See Brooks, supra*. As such, a common sense reading would lead a reasonable person to conclude that the 93 charges occurred intermittently between July 1, 2001, and March 1, 2004.

We conclude that the criminal informations were not "multiplicitous" and provided adequate notice to Lugo as is required by due process. Thus the subsequent sentences imposed by the trial court did not violate the Double Jeopardy Clause and were therefore legal.

We note that Lugo is essentially raising a sufficiency of the evidence claim that is couched in an illegal sentence argument. Lugo's direct appeal stems from his new sentence. This Court had previously vacated his original sentence and ordered the trial court to resentence him according to a change in sentencing laws, and, as such, he may only raise claims pertaining to his new sentence. A jury convicted him of 93 counts of possession and PWIDs in 2005, and this Court affirmed that verdict, finding that there was sufficient evidence to uphold the entirety of those convictions. Now, Lugo asserts that there were insufficient facts presented in the criminal informations. Thus, he now asserts that there was not enough evidence to sustain all but one of those convictions, and therefore, his sentence is invalidated by the Double Jeopardy Clause. In order to even address whether his sentence is illegal under the Double Jeopardy Clause, we would first have to conclude that there was

insufficient evidence to convict Lugo of 93 counts of drug crimes. As we have stated above, we have already ruled sufficient evidence existed to convict Lugo on all counts. Hence, our decision stands.

In his second claim, Lugo argues that the court relied on improper considerations, alleging it based his sentence on inaccurate information and false assumptions. As such, his sentence is illegal. Lugo contends that the trial court erred in refusing to admit hearsay statements of Lugo's aunt and girlfriend, which alleged Lugo was living in Puerto Rico between January 2003 and March 2004. Lugo further argues that it was error for the trial court to accept Colon's original testimony and reject Colon's recantation testimony. We find no error in the sentencing court's decision to disallow the hearsay statements or in finding Colon's original testimony credible while discrediting his subsequent recantation testimony.

First, we note that although Lugo frames his second issue as an illegal sentence claim, it is actually a challenge to the discretionary aspects of sentencing. *See generally Commonwealth v. Kerstetter*, 580 A.2d 1134 (Pa. Super. 1990) (explaining claim that court relied on inaccurate information at sentencing implicates discretionary aspects of sentencing); *See also Commonwealth v. Rhodes*, 990 A.2d 732 (Pa. Super. 2009) (analyzing the appellant's improper considerations claims of erroneous information and false assumptions under a discretionary aspects of sentence framework).

Accordingly, Lugo is not entitled to a review of his discretionary sentencing questions as of right. **See Commonwealth v. Fiascki**, 886 A.2d 261, 263 (Pa. Super. 2005). "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1265 (Pa. Super. 2014), appeal denied, 104 A.3d 1 (Pa. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." **Id**. We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

**Commonwealth v. Baker**, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted), appeal denied, 86 A.3d 231 (Pa. 2014).

Here, although he filed a 2119(f) statement, Lugo failed to include this claim in his concise statement of his reasons relied on for allowance of appeal. Because the Commonwealth has not objected to this oversight, we may consider these claims. **See commonwealth v. Bonds**, 890 A.2d 414, 418 (Pa. Super. 2005) (stating that "In the absence of any objection from the Commonwealth, we are empowered to review claims that otherwise fail to comply with Rule 2119(f)").

Regarding the testimony of his aunt and girlfriend, we observe that the admission of evidence presented at a sentencing hearing is vested within the sound discretion of the trial court applying the rules of evidence. *Commonwealth v. Hairston*, 84 A.3d 657, 674 (Pa. 2014). At the sentencing hearing, the trial court may admit evidence as to any matter that it deems relevant and admissible on the question of the sentence to be imposed, and the evidence shall include matters relating to any of the aggravating or mitigating circumstances. *Commonwealth v. Young*, 637 A.2d 1313, 1321-22 (Pa. 1993). "However, a proceeding held to determine [a] sentence is not a trial, and the court is not bound by the restrictive rules of evidence properly applicable to trials." *Commonwealth v. Medley*, 725 A.2d 1225, 1229 (Pa. Super. 1999). Moreover, the fact finder must assess the credibility of such evidence, after the parties have the opportunity to challenge the veracity of the facts asserted and the credibility of the person asserting those facts, whether that person is a witness or the defendant. *Young*, 637 A.2d at 1322. Finally, a sentencing court may rely on hearsay evidence if the hearsay originates from a dependable source under reliable circumstances. *Medley*, 725 A.2d at 1225.

Here, the circumstances were not reliable. As the Commonwealth points out, both Lugo's aunt and girlfriend had a personal interest in the outcome of the case, and as such were not unbiased witnesses. *See* Commonwealth's Brief at 41. Furthermore, these hearsay statements only came to light years after the alleged events they described. Finally, because this hearsay

testimony was in the form of sworn affidavits, the Commonwealth could not cross-examine the witnesses. For these reasons, we discern no abuse of the sentencing court's discretion in choosing not to admit these hearsay statements.

Similarly, we do not find that the trial court abused its discretion in accepting Colon's original testimony while discrediting his recantation testimony. It is well established that "recantation testimony is one of the least reliable forms of [evidence], particularly when it constitutes an admission of perjury." *Commonwealth v. McCracken*, 659 A.2d 541, 545 (Pa. 1998). This is the second time during the long history of this case that Lugo raises this argument. In its 1925(a) opinion, the trial court recounted the history of Lugo's argument that Colon's trial testimony lacked reliability:

> . . . We [previously] denied [Lugo] PCRA relief on this claim because we did not find the recantation testimony of Luis Colon *in any way credible*. In his appeal of that decision [Lugo] claimed that this court should have accepted Luis Colon's PCRA testimony that he (Mr. Colon) was threatened and coerced by two Pennsylvania State Troopers into falsely testifying that [Lugo] was the leader of a large-scale cocaine operation. [Lugo] specifically claimed that his convictions were obtained through the use of the perjured testimony of Luis Colon. The Superior Court disagreed, affirmed our decision on this issue in its opinion of February 1, 2017, and denied [Lugo] a new trial.
>
> Further, as stated above, [Lugo] was resentenced because of a change in the law and not because of a successful challenge to his convictions. It would have been improper to disregard the verdict of the jury at [Lugo's] resentencing hearing, especially after finding his recantation evidence incredible. He is entitled to no relief on these claims.

Trial Court Opinion, 12/20/17, at 6.

We agree with the trial court and find no reason to alter our previous decision on this matter. Now, as before, we conclude that the trial court's credibility determination regarding the recantation testimony had ample support in the record, and we discern no abuse of the trial court's discretion.

In his third claim, Lugo challenges the discretionary aspects of his sentence, claiming that the sentencing is "excessive to the point where it is unreasonable." Lugo's Brief at 27. We have discussed above the requirements of raising a discretionary aspect of sentence claim. **See Baker, supra.** Here, Lugo has complied with the first three prongs of this test to invoke our jurisdiction. Therefore, we must determine whether Lugo's discretionary aspects of sentencing claim presents a substantial question for our review.

The determination of what constitutes a substantial question for our review must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." **Commonwealth v. Dodge**, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citing **Commonwealth v. Crump**, 995 A.2d 1280, 1282 (Pa. Super. 2010)), appeal denied, 91 A.3d 161 (Pa. 2014).

Lugo's 2119(f) statement does, in fact, raise a substantial question that the sentence imposed violates a fundamental norm underlying the sentencing

process. In his 2119(f) statement, Lugo argues that the trial court failed to consider relevant sentencing criteria including protection of the public, the gravity of the offense, and in particular, the rehabilitative needs of Lugo. *See* Lugo's Brief at 27. Specifically, Lugo states that "the [trial] court abused its discretion by approaching the resentencing with a fixed mindset and imposing sentence based on the crime and the guidelines without any consideration of the character of Mr. Lugo, and his prospects for rehabilitation." *Id.*

Our relevant standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

***Commonwealth v. Cook***, 941 A.2d 7, 11-12 (Pa. Super. 2007) (internal quotations and citations omitted).

This Court affirmed Lugo's judgment of sentence in August 2013, when Lugo presented an excessiveness argument against his original sentence. Lugo now raises an argument that highly resembles this past claim, which also alleged his sentence was illegal because his crimes did not involve violence.

- 13 -

In affirming Lugo's sentence in 2013, this Court stated that it would "not deem the aggregate sentence excessive in light of the ample amount of criminal conduct at issue." [cite]

After resentencing, the trial court reasoned:

> Instantly, [Lugo] was the leader of a large scale, long-term cocaine trafficking organization. He was sentenced as such. Prior to imposing sentence we received and reviewed the Commonwealth's memorandum in aid of sentencing filed on June 27, 2017, [Lugo's] preliminary sentencing memorandum filed on July, 17, 2017. We also had the benefit of a presentence investigation report. We also considered the applicable sentencing guidelines, the particular facts of the case, [Lugo's] rehabilitative needs and [Lugo's] statement to the court at his sentencing hearing.
>
> ***
>
> While we acknowledge [Lugo's] good behavior since his incarceration, we cannot ignore the fact that, for an exceptionally long period of time, [Lugo] regularly trafficked in exceptional amounts of cocaine. On each of his ninety-three drug convictions we sentenced him to serve a term of imprisonment of three and one-half to twenty years. We ordered that [Lugo] serve only twenty of these ninety-three sentences consecutively. We also ordered that the ten to twenty year sentences imposed for [Lugo's] convictions for conspiracy and corrupt organizations be served consecutively. It is within this court's discretion to have a defendant serve sentences consecutively.

Trial Court Opinion, 12/20/17, at 8 (citation omitted).

We agree with the trial court and after reviewing the record and the history of the case, we find no reason to alter our initial conclusion in upholding the trial court's sentence. We find that the trial court imposed a sentence that was consistent with the protection of the public and considered the likelihood

of rehabilitating Lugo. We discern no abuse of discretion on the trial court's part.

In sum, the trial court did not violate the Double Jeopardy Clause in imposing the sentence at issue. Further, the trial court did not abuse its discretion in disallowing hearsay evidence at the sentencing hearing or in discrediting Colon's recantation testimony. Finally, the trial court did not impose an illegally excessive sentence. We therefore affirm Lugo's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/18/19