J-S58042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| STEPHEN BERNARD BLACKSTONE | |
| Appellant | No. 1327 MDA 2015 |

Appeal from the PCRA Order July 2, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003472-2001

BEFORE:  GANTMAN, P.J., BOWES, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:           **FILED NOVEMBER 22, 2016**

Appellant, Stephen Bernard Blackstone, appeals *pro se* from the order entered in the Dauphin County Court of Common Pleas, which denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On May 24, 2001, Appellant entered a home and robbed and terrorized multiple victims at gunpoint.  A jury convicted Appellant of three counts of robbery and one count each of burglary and persons not to possess firearms. The trial court sentenced Appellant on July 24, 2002, to an aggregate term

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*Retired Senior Judge assigned to the Superior Court.

of fifty (50) to one hundred (100) years' incarceration. This Court affirmed the judgment of sentence on November 17, 2003, and our Supreme Court denied allowance of appeal on August 12, 2004. *See Commonwealth v. Blackstone*, 841 A.2d 570 (Pa.Super. 2003) (unpublished memorandum), *appeal denied*, 579 Pa. 687, 856 A.2d 831 (2004). Appellant timely filed a *pro se* PCRA petition on June 16, 2005. The PCRA court appointed Attorney Engle to represent Appellant. Attorney Engle filed a *Turner/Finley*[2] no-merit letter and petition to withdraw on October 21, 2005. Appellant filed a *pro se* response, arguing Attorney Engle failed to address several meritorious issues Appellant had raised in his *pro se* PCRA petition. On June 29, 2006, the PCRA court granted Attorney Engle's petition to withdraw and issued notice of its intent to dismiss Appellant's PCRA petition, pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* response to the court's Rule 907 notice. The court dismissed the PCRA petition on December 20, 2006.

Appellant appealed and challenged the adequacy of Attorney Engle's no-merit letter. On March 17, 2008, this Court decided Attorney Engle had been improperly permitted to withdraw, vacated the PCRA court's order, and remanded for Attorney Engle or new counsel to file an amended PCRA petition or supplemental no-merit letter addressing Appellant's five remaining issues. *See Commonwealth v. Blackstone*, 953 A.2d 594

---

[2] *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988).

(Pa.Super. 2008) (unpublished memorandum).

On remand, the PCRA court appointed Attorney Shreve to represent Appellant. On June 12, 2008, Appellant filed a *pro se* "motion to correct an illegal sentence," in which he argued the trial court had illegally sentenced him as a "third strike" offender under 42 Pa.C.S.A. § 9714. Attorney Shreve filed a petition to withdraw and no-merit letter on September 8, 2008. Appellant filed a *pro se* response on September 25, 2008, arguing only that his sentencing issue had merit. The court did not allow Attorney Shreve to withdraw. On March 2, 2009, the court granted PCRA relief with respect to Appellant's sentencing issue only. The court resentenced Appellant on April 8, 2009, to an aggregate term of forty (40) to eighty (80) years' incarceration, which included a "second strike" mandatory minimum term of ten (10) to twenty (20) years' incarceration for one robbery count, pursuant to Section 9714. While still represented by Attorney Shreve, Appellant filed a direct appeal challenging his new sentence as excessive. This Court affirmed the new judgment of sentence on June 11, 2010, and our Supreme Court denied allowance of appeal on December 7, 2010. **See Commonwealth v. Blackstone**, 4 A.3d 683 (Pa.Super. 2010) (unpublished memorandum), *appeal denied*, 608 Pa. 659, 13 A.3d 473 (2010).

Appellant filed the current *pro se* PCRA petition on March 28, 2011. The PCRA court issued Rule 907 notice on July 20, 2011. On August 4, 2011, the court dismissed the petition. On appeal, this Court vacated the

- 3 -

PCRA court's order for failure to treat the PCRA petition as a "first" petition from Appellant's new judgment of sentence (although historically it was Appellant's second petition) and remanded for appointment of counsel. ***See Commonwealth v. Blackstone***, 60 A.3d 560 (Pa.Super. 2012) (unpublished memorandum). On remand, the PCRA court appointed Attorney Tobias, who filed an amended PCRA petition on January 14, 2013. On April 11, 2013, Appellant filed a *pro se* motion for waiver of counsel. Following a ***Grazier***[3] hearing, the court granted Appellant's request to proceed *pro se*. Appellant *pro se* filed a motion to submit an amended PCRA petition and a motion to obtain his pre-sentence investigation ("PSI") report and juvenile record. The court granted both motions. Appellant filed a *pro se* amended PCRA petition on July 8, 2013. On July 23, 2014, Appellant filed a "motion to file an amended PCRA petition and/or for the court to take judicial notice of typo." The court denied the motion and issued Rule 907 notice on June 8, 2015. Appellant filed a response to the Rule 907 notice on June 24, 2015. On July 2, 2015, the court denied PCRA relief. Appellant timely filed a *pro se* notice of appeal on Monday, August 3, 2015. The court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant timely complied.

Appellant raises the following issues on appeal, which we have

---

[3] ***Commonwealth v. Grazier***, 552 Pa. 9, 713 A.2d 81 (1998).

reordered for ease of disposition:

(1) WHETHER THE HONORABLE COURT ERRED IN TREATING APPELLANT'S CLAIM OF ATTORNEY SHREVE BEING INEFFECTIVE FOR FAILING TO AMEND/SUPPLEMENT APPELLANT'S INITIAL PCRA AND CHALLENGE TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO ASSURE APPELLANT'S CONSTITUTIONAL RIGHT TO A FAIR TRIAL BY REQUESTING FOR APPELLANT TO HAVE A "SEVERANCE" ON THE FORMER CONVICT NOT TO OWN A FIREARM CHARGE. WHICH AXIOMATIC REQUIRES EVIDENCE THAT APPELLANT WAS PREVIOUSLY CONVICTED OF A CRIME AND INSTEAD WRONGLY ADVISED APPELLANT NOT TO SEVER THE CHARGE, AS BEING MERITLESS, WITHOUT CONDUCTING AN EVIDENTIARY HEARING TO DETERMINE IF TRIAL COUNSEL AND THE TRIAL COURT'S WRONG[] ADVICE UNDERMINED APPELLANT'S ABILITY TO MAKE A KNOWING AND INTELLIGENT DECISION NOT TO PROCEED WITH A "SEVERANCE."

(2) WHETHER THE HONORABLE COURT ERRED IN FAILING TO ADDRESS APPELLANT'S CLAIM OF ATTORNEY SHREVE BEING INEFFECTIVE FOR FAILING TO AMEND/SUPPLEMENT APPELLANT'S INITIAL PCRA AND CHALLENGE THE TRIAL COURT ERRING AND ABUSING ITS DISCRETION BY PROCEEDING IN A TRIBUNAL WITHOUT JURISDICTION ON THE 3RD COUNT OF ROBBERY.

(3) WHETHER THE HONORABLE COURT ERRED IN TREATING APPELLANT'S CLAIM OF ATTORNEY SHREVE BEING INEFFECTIVE FOR FAILING TO AMEND/SUPPLEMENT APPELLANT'S INITIAL PCRA CHALLENGING TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO FILE A MOTION TO HAVE THE TRIAL COURT REFLECT ON WHICH CHARGES WERE BOUND OVER FOR COURT. BECAUSE THE 3RD COUNT OF ROBBERY WAS DISMISSED AT A PRELIMINARY HEARING AND WAS NEVER REFILED AND THE TRIAL COURT HAD APPELLANT STAND TRIAL ON THE 3RD COUNT OF ROBBERY, AS BEING MERITLESS. WHEN SUCH ERROR IN LAW VIOLATED APPELLANT'S STATE AND FEDERAL 6TH AND 14TH AMENDMENT CONSTITUTIONAL RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS.

(4) WHETHER THE HONORABLE COURT ERRED IN TREATING APPELLANT'S CLAIM OF ATTORNEY SHREVE BEING INEFFECTIVE FOR FAILING TO OBJECT TO THE TRIAL COURT ERRING IN "MISCALCULATING HIS PRIOR RECORD SCORE" ON THE SECOND AND THIRD COUNT OF ROBBERY, BURGLARY AND FORMER CONVICT NOT TO OWN A FIREARM CHARGE, AS BEING PREVIOUSLY LITIGATED. WHEN INEFFECTIVENESS CLAIMS ARE DISTINCT FROM NON-INEFFECTIVENESS CLAIMS OF ERROR RAISED ON DIRECT APPEAL AND PCRA/RESENTENCING COUNSEL SHREVE NEVER RAISED OR CHALLENGED THIS DISCRETIONARY ASPECT OF APPELLANT'S SENTENCE ON DIRECT APPEAL. AND PURSUANT TO THE PA. SENTENCING CODE § 303.7(A), WHICH USED TO BE § 303.6(A), AFTER THE TRIAL COURT SENTENCED APPELLANT ON THE OFFENSE WITH THE HIGHEST GRAVITY SCORE IN SUCH TRANSACTION APPELLANT'S PRIOR RECORD SCORE SHOULD [HAVE] WENT BACK TO "ZERO FOR THE REMAINING OFFENSES."

(5) WHETHER THE HONORABLE COURT ERRED IN DENYING APPELLANT'S MOTION TO FILE AN AMENDED PCRA-PETITION AND/OR FOR THE COURT TO TAKE JUDICIAL NOTICE OF TYPO-SENTENCING CODE ERROR.

(6) WHETHER THE HONORABLE COURT ERRED IN TREATING APPELLANT'S CLAIM OF ATTORNEY SHREVE BEING INEFFECTIVE FOR FAILING TO OBJECT AND PRESERVE THE CLAIM THAT THE TRIAL COURT ERRED IN "DOUBLE COUNTING" APPELLANT'S (PRIOR RECORD/LACK OF [AMENABILITY] TO REHABILITATION), WHICH WAS A FACTOR ALREADY INCLUDED IN THE MANDATORY MINIMUM SENTENCE UNDER 42 PA.C.S.A. § 9714 AND THE SENTENCING GUIDELINES, AS BEING PREVIOUSLY LITIGATED. WHEN INEFFECTIVENESS CLAIMS ARE DISTINCT FROM NON-INEFFECTIVENESS CLAIMS OF ERROR RAISED ON DIRECT APPEAL. AND PCRA/RESENTENCING COUNSEL SHREVE NEVER RAISED OR CHALLENGED THIS DISCRETIONARY ASPECT OF APPELLANT'S SENTENCE ON DIRECT APPEAL.

(7) WHETHER THE HONORABLE COURT ERRED IN TREATING APPELLANT'S CLAIM OF ATTORNEY SHREVE

BEING INEFFECTIVE FOR FAILING TO OBJECT AND PRESERVE THE CLAIM THAT APPELLANT RAISED BEFORE THE TRIAL COURT CHALLENGING THE CONSTITUTIONALITY AND LEGISLATIVE INTENT OF 42 PA.C.S.A. § 9714(A)(1) AND THAT IF THE COURT IMPOSE[D] A SENTENCE WHICH WAS NOT INTENDED BY THE LEGISLATORS THEN THE SENTENCE IMPOSED IS ILLEGAL, AS BEING PREVIOUSLY LITIGATED. WHEN INEFFECTIVENESS CLAIMS ARE DISTINCT FROM NON-INEFFECTIVENESS CLAIMS OF ERROR RAISED ON DIRECT APPEAL. AND PCRA/RESENTENCING COUNSEL SHREVE NEVER RAISED OR CHALLENGED THE "LEGALITY OF APPELLANT'S NEW SENTENCE ON DIRECT APPEAL."

(8) WHETHER THE HONORABLE COURT ERRED IN TREATING APPELLANT'S CLAIM OF ATTORNEY SHREVE BEING INEFFECTIVE FOR FAILING TO OBJECT AND/OR FILE A MOTION TO CORRECT AN ERRONEOUS (P.S.I.-REPORT) AND ALSO PRECLUDE THE TRIAL COURT FROM RELYING ON UNCONSTITUTIONAL PRIOR JUVENILE OFFENSES AND/OR FILE A MOTION FOR THE TRIAL COURT TO ORDER A (NEW P.S.I.-REPORT) PRIOR TO APPELLANT BEING RESENTENCED, AS BEING WAIVED AND/OR MERITLESS. WHEN THE EXHIBITS ATTACHED TO APPELLANT'S PCRA-PETITION CLEARLY ESTABLISHED FACTS IN DISPUTE THAT WARRANT AN EVIDENTIARY HEARING. AND SUCH ERROR IN LAW IS A CONTINUATION AND VIOLATION OF APPELLANT'S STATE AND FEDERAL 6TH AND 14TH AMENDMENT CONSTITUTIONAL RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS, AND CONSTITUTES AN ILLEGAL SENTENCE.

(Appellant's Brief at 10−11a-11b).[4]

In issues one through three, Appellant raises layered claims of ineffective assistance of counsel against Attorney Shreve ultimately relating to trial issues. Appellant argues that after Attorney Shreve was appointed to

---

[4] Appellant has two pages of his brief numbered as "11."

replace Attorney Engle on Appellant's first PCRA petition, Attorney Shreve should have amended the petition to allege (1) trial counsel was ineffective for giving Appellant erroneous advice on whether to request a severance of the firearms charge; and (2) the trial court lacked jurisdiction over the third robbery count because that count had previously been dismissed at Appellant's preliminary hearing, and trial counsel was ineffective for failing to file a motion "to have the trial court reflect on which charges were bound over for court." (Appellant's Brief at 62). Appellant concludes this Court should vacate the robbery conviction and remand for an evidentiary hearing on the severance issue. We cannot agree.

As a preliminary matter, the timeliness of a PCRA petition is a jurisdictional requisite, which this Court may address *sua sponte*. ***Commonwealth v. Hackett***, 598 Pa. 350, 956 A.2d 978 (2008); ***Commonwealth v. Gandy***, 38 A.3d 889 (Pa.Super. 2012), *appeal denied*, 616 Pa. 651, 49 A.3d 442 (2012). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the PCRA's timeliness provisions allow for very limited circumstances under which the late filing of a petition will be excused. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting a timeliness exception must file a petition within sixty days of the date the

claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Additionally, the PCRA petitioner must plead and prove his allegation of error has not been previously litigated or waived. 42 Pa.C.S.A. § 9543(a)(3). "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Where PCRA counsel seeks to withdraw from representation, the petitioner must preserve any challenge to counsel's ineffectiveness in a response to counsel's no-merit letter or, if applicable, the court's Rule 907 notice. **See Commonwealth v. Pitts**, 603 Pa. 1, 9 n.4, 981 A.2d 875, 880 n.4 (2009).

Instantly, the trial court originally sentenced Appellant on July 24, 2002. This Court affirmed the judgment of sentence on November 17, 2003, and the Pennsylvania Supreme Court denied allowance of appeal on August 12, 2004. Thus, Appellant's original judgment of sentence became final on November 10, 2004, upon expiration of the time to file a petition for writ of *certiorari* with the United States Supreme Court. **See** U.S.Sup.Ct.R. 13; 42 Pa.C.S.A. § 9545(b)(3). On June 16, 2005, Appellant timely filed his first *pro se* PCRA petition from his original judgment of sentence. The PCRA court appointed Attorney Engle, who filed a no-merit letter and petition to withdraw. The court dismissed the petition and granted Attorney Engle leave to withdraw. On appeal, this Court vacated the PCRA court's order and remanded the matter based on Attorney Engle's deficient no-merit letter.

On remand, the PCRA court appointed Attorney Shreve to replace Attorney Engle. While represented by Attorney Shreve, Appellant filed a *pro se* motion, asserting he was unlawfully sentenced as a "third strike" offender under Section 9714. Attorney Shreve subsequently filed a petition to withdraw and no-merit letter with respect to the other issues on remand. Appellant filed a *pro se* response in which he addressed the illegal sentence issue only. The PCRA court granted relief limited to that issue. Appellant did not appeal the PCRA's court order. The court resentenced Appellant without application of the "third strike" provision on April 8, 2009, and Appellant filed a direct appeal from his new judgment of sentence. Following conclusion of that direct appeal process, Appellant filed the current PCRA petition *pro se* on March 28, 2011. After the PCRA court dismissed the petition, this Court determined on appeal that Appellant was entitled to counsel because it was Appellant's first petition filed after imposition of his new judgment of sentence. *See* Pa.R.Crim.P. 904(C) (stating PCRA court shall appoint counsel to represent indigent defendant for first PCRA petition). On remand, the court appointed Attorney Tobias, who filed an amended petition.

The relief granted on Appellant's initial PCRA petition, which was limited to resentencing, did not reset the clock for purposes of calculating the date Appellant's judgment of sentence became final with respect to claims unrelated to the resentencing, *i.e.*, Appellant's claims concerning

Attorney Shreve's representation during Appellant's initial PCRA petition. *See Commonwealth v. Dehart*, 730 A.2d 991, 993 n.2 (Pa.Super. 1999), *appeal denied*, 560 Pa. 719, 745 A.2d 1218 (1999) (stating successful PCRA petition does not affect calculation of finality of judgment of sentence where relief granted neither restored petitioner's direct appeal rights *nunc pro tunc* nor disturbed conviction, but affected petitioner's sentence only). Specifically, Appellant now challenges Attorney Shreve's effectiveness for failing to raise claims of ineffective assistance against trial counsel. Appellant's petition is a "serial" petition with respect to those claims. Their timeliness must be measured against the date Appellant's original judgment of sentence became final: November 10, 2004. Appellant filed the current PCRA petition on March 28, 2011. Therefore, Appellant's petition is patently untimely with respect to the allegations of layered ineffective assistance in connection with Appellant's initial PCRA petition; and Appellant failed to plead and prove any exception to the PCRA time bar. *See* 42 Pa.C.S.A. § 9545(b)(1). Consequently, the PCRA court lacked jurisdiction over those specific claims. *See Hackett, supra*. Moreover, Appellant had the opportunity to bring those claims during the proceedings on the initial PCRA petition. When Attorney Shreve sought to withdraw, Appellant could have raised his allegations of layered ineffective assistance of counsel in a response to the withdrawal petition. *See Pitts, supra*. Instead, Appellant filed a *pro se* response in which he argued only that his original sentence

- 11 -

was unlawful. Thus, Appellant's layered claims of ineffectiveness would be waived in any event. ***See id.***

Appellant's remaining five issues relate to his resentencing on April 8, 2009. ***Dehart*** arguably forecloses review of those claims as well. ***See Dehart, supra*** at 993 n.2 (stating: "[T]he relief granted in the first PCRA action did not affect the adjudication of guilt, but merely the sentence imposed. Because the purpose of the PCRA is to prevent a fundamentally unfair conviction…and the issue of appellant's conviction was not disturbed on the prior PCRA action, we find that this petition constitutes appellant's second attempt at collateral relief"). Nevertheless, in ***Dehart***, this Court did not have the benefit of the petitioner's second PCRA petition in the certified record to confirm the nature of his claims and whether they related to the petitioner's new sentence. Additionally, the ***Dehart*** Court considered only one purpose of the PCRA—to prevent a fundamentally unfair conviction. The statute, however, expressly provides a remedy for defendants serving illegal sentences too. ***See*** 42 Pa.C.S.A. § 9542 (stating: "This subchapter provides for an action by which persons convicted of crimes they did not commit and **persons serving illegal sentences** may obtain collateral relief") (emphasis added). Therefore, we consider Appellant's current petition his "first" with respect to claims arising out of the new sentence imposed on April 8, 2009. That judgment of sentence became final on March 7, 2011, after expiration of the ninety-day period to file a petition for writ of *certiorari* with the United

States Supreme Court. **See** U.S.Sup.Ct.R. 13. Thus, the current PCRA petition, filed on March 28, 2011, is timely with respect to Appellant's claims relating to his new sentence. **See** 42 Pa.C.S.A. § 9545(b)(1).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. **Commonwealth v. Ford**, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Carr**, 768 A.2d 1164 (Pa.Super. 2001). A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. **Commonwealth v. Hardcastle**, 549 Pa. 450, 701 A.2d 541 (1997).

The law presumes counsel has rendered effective assistance. **Commonwealth v. Williams**, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, a petitioner is required to make the following showing: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Kimball*, 555 Pa. 299, 312, 724 A.2d 326, 333 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Williams, supra*.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…" *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Taylor*, 933 A.2d 1035, 1042 (Pa.Super. 2007), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008) (quoting *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004)).

> Once this threshold is met we apply the "reasonable basis" test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

*Pierce, supra* at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [a defendant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [*Kimball, supra*]*,* we held that a "criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Commonwealth v. Chambers*, 570 Pa. 3, 21-22, 807 A.2d 872, 883

(2002) (some internal citations and quotation marks omitted).

In issues four and five, Appellant argues the court improperly applied his prior record score ("PRS") of six to each offense during resentencing (except for the sole robbery count subject to a mandatory minimum term). Appellant contends all offenses stemmed from the same transaction, so under the Sentencing Guidelines the court should have applied Appellant's PRS to the remaining robbery convictions only, since robbery was the highest-graded offense. Appellant claims the court should have applied a PRS of zero to the remaining offenses. Appellant asserts Attorney Shreve was ineffective for failing to object to the way the court applied the sentencing guidelines during resentencing. Relatedly, Appellant argues the PCRA court improperly denied his "motion to file an amended PCRA petition and/or for the court to take judicial notice of typo," in which Appellant sought to clarify that he accidentally cited to the wrong section of the Sentencing Guidelines in his amended *pro se* PCRA petition. Appellant concludes he is entitled to resentencing. We disagree.

Instantly, Appellant committed the offenses in question in 2001. The 5th Edition of the Sentencing Guidelines was in effect from June 13, 1997, to June 3, 2005. Therefore, that edition of the Sentencing Guidelines was applicable when the court resentenced Appellant. *See Commonwealth v. Maneval*, 688 A.2d 1198 (Pa.Super. 1997) (stating applicable sentencing guidelines are those in effect at time offense was committed). Appellant's

argument relies on prior editions of the Sentencing Guidelines, which directed the trial court to apply a defendant's PRS to the offense with the highest offense gravity score only, when imposing sentences for convictions arising out of the same transaction. *See* 204 Pa.Code 303.7(a) (4th Edition); 204 Pa.Code 303.6(a) (revised 3rd edition). That language, however, is absent from the 5th Edition of the Sentencing Guidelines, which was the version in effect at the time Appellant committed the offenses at issue. Therefore, Appellant's claim that Attorney Shreve should have objected to the resentencing court's across-the-board application of Appellant's PRS, based on outdated law, lacks arguable merit.[5] *See Pierce, supra*.

In his sixth issue, Appellant argues the resentencing court improperly "double counted" his prior record when it factored Appellant's criminal history and lack of amenability to rehabilitation into its sentencing decision. Appellant contends the General Assembly already considered prior convictions and rehabilitative potential in formulating the mandatory

---

[5] Appellant's "typo" in his PCRA petition was his citation to 204 Pa.Code 303.6(a), which formerly contained the relevant language later moved to Section 303.7(a). Appellant wished to clarify that he meant to cite to Section 303.7. Nevertheless, the language relied on by Appellant had been completely removed from Section 303.7 and the entire Sentencing Guidelines by the time Appellant committed the offenses. Therefore, Appellant's "typo" was inconsequential, and he incurred no prejudice from the court's denial of his motion to correct the typo or have the court take "judicial notice" of it.

minimum statute and the applicable sentencing guidelines. Appellant concludes Attorney Shreve was ineffective for failing to raise the issue at resentencing and on direct appeal. We disagree.

"It is impermissible for a court to consider factors already included within the sentencing guidelines as the **sole** reason for increasing or decreasing a sentence to the aggravated or mitigated range." **Commonwealth v. Shugars**, 895 A.2d 1270, 1275 (Pa.Super. 2006). The sentencing court, however, is allowed to use prior conviction history and other factors already included in the guidelines to supplement other sentencing information. **Id.**

Section 9714 of the Sentencing Code provides in relevant part as follows:

> Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary.

42 Pa.C.S.A. § 9714(a)(1).

Instantly, upon resentencing Appellant on April 8, 2009, the court stated the following reasons for the sentence:

> So in terms of the relevance for sentencing, that PSI, we considered and even referred to in the sentencing transcript from July of 2002. So that the reasons we gave for our resentencing at that time are no less applicable then as they are now in terms of the background and the facts and circumstances concerning the sentence we

- 17 -

imposed at that time.

I would note that we have—just in terms of [Appellant], what [you have] done while you've been incarcerated, we'll note that favorably.

In addition to that, [Appellant], you do appear for the brief time you've been here far different than you were back in 2001-2002. So I do want to at least note in terms of your presentation here was far different than it was before.

I will also note that prior to this, in your words you were out of—since the age of 13, you weren't out of prison for more than 5 months at one time. Those were your words in the presentence report.

In addition to that, you at the time throughout the proceedings have maintained you were innocent. This is the first time I've heard you accept any responsibility. Quite frankly, that undermines your acceptance of responsibility when at the time you could have. When it was in your benefit not to do that, you chose to maintain your innocence, still do that.

So when you come here today and say, oh, I accept responsibility, it is not as persuasive to the [c]ourt as if you would have done it back then, because it was in your best interest, it was to your benefit to maintain your innocence. That to me, when you now accept it, just is undermined. So we've considered that.

In addition, we've considered again in imposing sentence that the short—the opportunities you did have for vocational training, educational training afforded you in the state correctional institute, that didn't produce any results from previous state sentences, that within a short time of your release and indeed in this case within a matter of, oh, I think it was less than 2 months, it was quickly, just being released on the homicide charge, that you committed this offense.

**So I'm not looking at your prior record.** I'm looking at the opportunities that were afforded you in the past to be successful vocationally, educationally and probably more

- 18 -

> significant in controlling your violence and anger that's
> manifested in the robberies, those types of offenses that
> you were engaged in.  That hasn't changed.

(N.T. Resentencing, 4/8/09, at 22-24) (emphasis added).   The court's remarks made clear it did not sentence Appellant in the aggravated range for any of his convictions based solely on his prior record.   Further, the single mandatory minimum sentence imposed, based on a prior conviction, was no higher than the ten-year minimum term prescribed by Section 9714. **See** 42 Pa.C.S.A. § 9714(a)(1).  At the time, the court had no discretion to impose a lower sentence on that robbery count.  Therefore, Appellant's claim that the court engaged in impermissible "double counting" lacks arguable merit, and Attorney Shreve was not ineffective for failing to raise that specific claim in his challenge to the discretionary aspects of Appellant's sentence. **See Pierce, supra**; **Shugars, supra**.

In his seventh issue, Appellant argues his sentence was contrary to the legislative intent behind Section 9714.   Appellant asserts the court acknowledged its mistake in initially sentencing Appellant as a third-strike offender under that statute, but it still imposed a harsh sentence appropriate for third-strike offenders upon resentencing.   Appellant contends the sentence did not afford him the opportunity for rehabilitation intended for second-strike offenders.  Appellant claims Section 9714 did not authorize the court to impose a sentence beyond the ten-year mandatory minimum. Appellant submits Attorney Shreve was ineffective for failing to challenge

Appellant's new sentence based on the legislative intent and constitutionality of Section 9714. Appellant concludes he is entitled to resentencing. We disagree.

Instantly, Appellant conflates his single mandatory minimum sentence with his aggregate sentence of forty (40) to eighty (80) years. The court's application of Section 9714 related to only one of Appellant's robbery convictions. For that conviction, the court imposed a mandatory minimum term of ten (10) years' incarceration, consistent with the requirements of Section 9714. **See** 42 Pa.C.S.A. § 9714(a)(1). Section 9714 in no way prohibited the court from exercising its discretion to link that sentence consecutively with Appellant's other individual sentences. Therefore, Appellant's claim that his sentence was inconsistent with Section 9714 lacks arguable merit, and Attorney Shreve was not ineffective for declining to pursue it.[6] **See Pierce, supra**.

_____

[6] To the extent Appellant suggests his new aggregate sentence was excessive, Attorney Shreve raised that claim in a post-sentence motion and this Court disposed of it on direct appeal. Therefore, that particular claim has been previously litigated. **See** 42 Pa.C.S.A. § 9543(a)(3) (stating petitioner must prove allegation of error has not been previously litigated or waived to be eligible for PCRA relief). Moreover, direct challenges to the discretionary aspects of sentencing are not cognizable under the PCRA. **See Commonwealth v. Wrecks**, 934 A.2d 1287 (Pa.Super. 2007). Additionally, Appellant failed to develop any argument regarding the "constitutionality" of Section 9714. Therefore, that aspect of Appellant's issue is waived. **See Commonwealth v. Beshore**, 916 A.2d 1128 (Pa.Super. 2007), _appeal denied_, 603 Pa. 679, 982 A.2d 509 (2007) (_en_
_(Footnote Continued Next Page)_

In his eighth issue, Appellant argues his presentence investigation ("PSI") report contained numerous factual inaccuracies relied on by the resentencing court. Appellant contends he had no opportunity before resentencing to review or discuss with Attorney Shreve any information contained in the PSI report. Appellant further asserts the court improperly considered prior juvenile offenses where Appellant was not represented by counsel. Appellant claims Attorney Shreve was ineffective for failing to object to inaccuracies in the PSI report and to the court's reliance on Appellant's prior juvenile offenses. Appellant concludes this Court should vacate the judgment of sentence and remand for resentencing. We disagree.

This Court has stated the following with respect to allegations of errors in PSI reports:

> Where…the accuracy of the presentence report has been challenged at the sentencing hearing, the sentencing court cannot solely rely on the presentence report to satisfy the record requirements of its sentencing function. Thus, whenever the information contained in the pre-sentence report is challenged by the defendant at sentencing, it is incumbent upon the court to engage in a fact finding function to determine the truth or falsity of the statements contained in the report. The reliance sentencing courts enjoy regarding pre-sentence reports in the sentencing process presumes their accuracy. When it is alleged that the reports contain untruths, it is imperative that the sentencing court make the appropriate determination on

_(Footnote Continued)_ _____

anc) (stating failure to develop adequate argument in appellate brief may result in waiver of claim).

the record of the factual basis for the sentence imposed.

***Commonwealth v. Kerstetter***, 580 A.2d 1134, 1136 (Pa.Super. 1990).

Instantly, the resentencing court incorporated the same PSI report and juvenile record used at Appellant's initial sentencing in 2002. Appellant had previous opportunities to object to those documents. Further, the PCRA court addressed Appellant's allegations of factual inaccuracies in his PSI report as follows:

> No inaccuracies existed in the [PSI report], which caused prejudice to [Appellant] at resentencing. The court relied upon no erroneous information as to [Appellant's] juvenile history, background or criminal record, which required correction by resentencing counsel and therefore no ineffectiveness occurred.
>
> We address each of the alleged inaccuracies asserted in the January 14, 2013 Counseled Petition, Claims 1-7, as presented:
>
> 1. [Appellant] had a high school diploma prior to sentencing on July 24, 2002.
>
> [Appellant] fails to demonstrate how he suffered prejudice by the court's order on July 24, 2002 that he obtain a GED, alleging that he already possessed a high school diploma. The court imposed that condition as rehabilitative not punitive.
>
> No need existed to correct or to inform the court of [Appellant's] high school diploma at resentencing in 2009, because [Appellant] did so himself, stating to the court[:]
>
>> [W]hen you sentenced me last time you ordered me to go upstate and to get a high school diploma and enroll in some other programs. But I already had a high school diploma which I got in [19]99.
>
> [N.T. Resentencing, 4/7/09, at 15].

- 22 -

Accordingly, no ineffectiveness occurred.

2. [Appellant] worked at temp agencies and participated in preaching at the Boys & Girls Club prior to his 2001 arrest.

No ineffectiveness occurred in relation to the alleged omission of such information from the PSI where [Appellant] provided such information to the court on the record [at] resentencing. [Appellant] stated:

Even prior to when I found myself getting back into the streets, I had completed a drug program, Conewago in Wernersville. Also, the monitors there really took a liking to how I carried myself. They wanted me to stay out of trouble for two years so I could come back and work in their facility. I also while I was there was [t]eaching at the Boys and Girls Club.

\* \* \*

[*Id.* at 14].

3. [Appellant] could not enroll in vocational classes during his previous sentence because he was 17 years old and did not have a high school diploma.

[Appellant] fails to present argument as to how this alleged omission or inaccuracy created prejudice and is therefore waived. Further, the court did not recite that factor in sentencing or resentencing.

4. [Appellant] had only 1 previous adult conviction, serving a 2-10 year sentence; [p]rior, he served 2 juvenile terms for 6-9 months in 1993 and 9-12 months in 1995; [n]ever arrested for an assault at age 8 nor did he have a conviction for robbery in June or August of 1993.

The court properly relied upon and referred to the certified record of the Clerk of Courts as to [Appellant's] history of criminal offenses.

[Appellant's] claim that the court improperly relied upon

- 23 -

an "arrest for assault at age 8" lacks merit. The court properly noted [Appellant's] juvenile offenses at both the initial sentencing and resentencing, namely, that [Appellant] served 2 juvenile terms for 6-9 months in 1993 and 9-12 months in 1995.

\*     \*     \*

The court did not state, as [Appellant] argues, that he was "arrested" [at age 8]. Rather the court stated[:]

> Those certainly have been afforded you over—really since age 13, and you even have at age 8 an aggravated assault contact with the juvenile probation office. **That was warned and closed.**

[N.T. Sentencing, 7/24/02, at 12].

5. [Appellant] had no robbery conviction in June or August of 1993.

The court did not refer to a [1993] robbery conviction. *Id.*

6. [Appellant] had no weapon conviction in 1996 or robbery conviction in 1996[.]

The [c]ourt properly relied upon the certified dockets which reflect prior convictions.

7. [Appellant] was at Loysville in Jan[uary] 1995 not Paradise School[.]

The court correctly referred to "Loysville" as set forth in the PSI. ("It looks like you went to Loysville for a period of time")[.] [*Id.* at 11].

8. The court was not aware of [Appellant's] age.

The statements of the court and the testimony of a family member reflect the court's awareness of Appellant's age. It is insignificant that the court later referred to [Appellant's] age as…22[.]

At resentencing, a family member testified, "[Appellant is]

- 24 -

28 years old and stands before you as a man that has a total different outlook on life[,] has concerns for others as well as himself." [N.T. Resentencing, 4/7/09, at 20].

(PCRA Court Opinion and Order, filed June 8, 2015, at 11-15) (some internal citations to the record omitted) (emphasis in original). The record supports the court's analysis. Appellant's *pro se* amended PCRA petition raised additional allegations of inaccuracies in the PSI report. All of Appellant's allegations are unsupported, belied by the record, and/or involve minor discrepancies or factors not relied on by the resentencing court. The resentencing court stated its reasons on the record for the new sentence imposed, including Appellant's prior convictions for third-degree murder and robbery, and other evidence of Appellant's lack of amenability to rehabilitation. Appellant fails to demonstrate that but for Attorney Shreve's failure to raise Appellant's allegations regarding the PSI report, the outcome of the resentencing proceedings would have been different. **See Chambers, supra**. Appellant also fails to provide any support for his bald assertion that he was unrepresented by counsel during his prior juvenile adjudications, or that Attorney Shreve was aware of Appellant's purported lack of representation. Therefore, Appellant's final challenge to Attorney Shreve's effectiveness merits no relief. **See Kimball, supra**. Based on the foregoing, the court properly denied Appellant's PCRA petition. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/22/2016</u>